THE JEWETT LAW GROUP, INC.
BRADLEY E. JEWETT (BAR NO. 222773)
937 N. Crescent Heights Boulevard
Los Angeles, California 90046
Phone: (323) 300-6413
Fax: (323) 638-5883
E-mail: Brad@JewettLawGroup.com

Attorneys for Plaintiff
EDEN SURGICAL CENTER,
a California medical corporation

FILED
2009 OCT -1  PM 2:34
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN SURGICAL CENTER, a California medical corporation,<br><br>Plaintiff,<br><br>v.<br><br>TENET HEALTHCARE CORPORATION, C/O TENET BENEFITS ADMINISTRATION COMMITTEE, in its capacity as plan administrator,<br><br>Defendant. | Case No. CV09 07156 FMO<br><br>**COMPLAINT FOR DISCLOSURE AND STATUTORY PENALTY FOR FAILURE TO DISCLOSE PLAN DOCUMENTS UNDER THE EMPLOYEES RETIREMENT INCOME SECURITY ACT OF 1974**<br><br>29 U.S.C. §1132(a)(1)(A)<br>[Disclosure Penalty] |

Plaintiff Eden Surgical Center respectfully alleges as follows:

1. Plaintiff Eden Surgical Center ("Eden") at all times mentioned herein, was and is a California medical corporation conducting business in the County of Los Angeles, State of California.

2. Eden is informed and believes, and on that basis alleges, that defendant Tenet Healthcare Corporation, c/o Tenet Benefits Administration Committee, in its

capacity as the plan administrator ("Tenet"), at all times mentioned herein, was and is a corporation with a group employee welfare benefit plan that can be found and is administered in the County of Los Angeles, State of California.

3.  The jurisdiction of this Court is proper under 29 U.S.C. §1132(e), as this is a civil action under Section 502 of the Employees Retirement Income Security Act of 1974 ("ERISA"). All statutory references are to ERISA, which is codified at Title 29.

4.  The venue of this action in this Court is proper under 29 U.S.C. §1132(e)(2), as the Tenet Employee Benefit Plan, *infra*, may be found, and is administered, in California's Central Judicial District, in the County of Los Angeles, State of California.

## Eden's Standing

5.  Eden hereby sues Tenet derivatively, appearing before this Court as the assignee of its patient, plan participant Gloria Elequin (the "Plan Participant"), and not as an independent suitor. As a derivative suitor, Eden stands in the shoes of its assignor, and invokes the jurisdiction of the Court to enforce the Plan Participant's ERISA rights.

6.  Subject matter jurisdiction of this Court is proper under 28 U.S.C. §1331, as Eden presents a colorable claim under ERISA.

7.  Eden reserves, and does not hereby waive its right, to pursue additional relief against Tenet in the future under 29 U.S.C. §1132(a)(1)(B).

## The Plan and the Administration Thereof

8.  Eden is informed and believes, and thereon alleges that Tenet has a group employee welfare benefit plan entitled the Tenet Employee Benefit Plan (the "Plan").

9.  Eden is informed and believes, and thereon alleges that PacifiCare (or an affiliate or subsidiary thereof) ("PC"), serves as the claims administrator for the Plan.

10.  Tenet, in its capacity as the plan administrator, is liable for the ERISA disclosure violations at issue. As such, Tenet is charged herein with the failure and refusal to provide the documents under which the Plan is operated and relating to the

adverse benefit determination at issue, following Eden's written request for such documents, in direct violation of 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1 paragraphs (g), (h) and (m).

## The Plan Participant

11. Eden is informed and believes, and on that basis alleges, that at all times mentioned herein, the Plan Participant was and is a covered beneficiary of the Plan.

12. On or about February 26, 2006, Eden verified with PC that the Plan Participant was a covered beneficiary of the Plan.

13. Prior to receiving medical care from Eden, the Plan Participant assigned her benefits and ERISA representative rights under the Plan to Eden.

14. Based upon the information provided and the representation of coverage made by PC, Eden rendered medical care to the Plan Participant on or around September 28, 2006.

15. Following the medical services provided to the Plan Participant, Eden submitted an HCFA 1450 claim with an itemized list of expenses to PC for reimbursement.

16. PC requested certain documents for medical review from Eden before it could process the claim. On December 11, 2006, Eden forwarded medical documents and records to PC employee Kristen Markel, who acknowledged receipt of the information and replied that the information would be forwarded to PC's medical director for review. PC provided no further communication, and failed to respond to subsequent requests for clarification regarding the status of the claim.

17. Thus, PC issued an adverse benefit determination on Eden's claim by failing to respond to Eden's request for information.

///
///
///
///

## Eden's Document Production Demand

18. On or about June 8, 2009, Eden demanded, in writing, that Tenet produce the contracts, agreements and documents under which the Plan is established and/or operated and relating to the adverse benefit determination at issue (the "Documents"), pursuant to 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560-501 paragraphs (g), (h) and (m).

19. In response, Tenet claimed that PC had never received the medical records that were sent to PC in December of 2006. Eden then provided Tenet and PC with copies of the documents Eden disclosed to PC in December of 2006.

20. Tenet subsequently produced the Tenet Employee Benefit Plan, the PC Certificate of Coverage and the PC Schedule of Benefits, but failed and refused to produce any additional documents, notwithstanding Eden's request.

21. On August 25, 2009, PC issued an Explanation of Benefits ("EOB") which stated Eden's claim was ineligible. PC's notice stated "claims must be submitted within the timely filing limit in order to be paid. Your timely filing limit may be based on any of the following: provider contract, certificate, and/or state law(s)".

22. As of the date this Complaint was filed, Tenet has failed and refused to produce the additional Documents relating to the operation of the Plan which would allow Eden to understand the ineligibility and ultimate denial notice.

23. Based on Tenet's conduct, Eden has been denied the opportunity to know exactly where it stands with respect to the Plan and the operation thereof regarding the claims administration for medical services provided to the Plan Participant.

///
///
///
///

# FIRST CAUSE OF ACTION
## FOR DISCLOSURE AND PENALTIES FOR FAILURE TO DISCLOSE THE DOCUMENTS IN VIOLATION OF 29 U.S.C. §1024(b)(4) AND 29 C.F.R.§2560.503.1.

24. Eden realleges and incorporates herein by this reference paragraphs 1 through 23, inclusive, of this Complaint.

25. As an ERISA fiduciary and administrator of the Plan, Tenet had a duty to provide complete disclosure of the Documents upon the written request from Eden, and if necessary, to obtain such documents from its subordinate claims administrator.

26. Tenet breached this disclosure duty by failing and refusing to produce all of the required Documents after receiving Eden's written request, in violation of 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1 paragraphs (g), (h) and (m).

27. Tenet's failure to produce the Documents denied Eden the opportunity to know exactly where it stands with respect to the Plan and the operation thereof regarding the claims administration for medical services provided to the Plan Participant identified herein, and thus necessitated the filing of this action.

28. Accordingly, Tenet should be ordered to produce the requested Documents under 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1 paragraphs (g), (h) and (m). Further, Tenet should be subject to the statutory penalty prescribed by 29 U.S.C. §1132(c), in the amount of $110.00 dollars per day commencing on July 9, 2009, through and including the date judgment is entered in this action, or the date that the requested Documents are received, whichever comes first.

29. In addition, Eden should be awarded its reasonable attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1).

## PRAYER

**WHEREFORE**, plaintiff Eden Surgical Center prays for judgment against defendant Tenet Healthcare Corporation c/o Tenet Benefits Administration Committee, in its capacity as the plan administrator, as follows:

## ON THE FIRST CAUSE OF ACTION

1. For an order or judgment of the Court compelling Tenet's immediate production of all Documents requested by Eden, in accordance with 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1 paragraphs (g), (h) and (m);

2. For an award of the statutory penalty due under 29 U.S.C. §1132(c) in the amount of $110.00 dollars per day for the claim at issue, commencing on July 9, 2009, through and including the date judgment is entered in this action, or the date that the requested Documents are received, whichever comes first;

3. For an award of Eden's attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1);

4. For an award of plaintiff Eden Surgical Center's costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: October 1, 2009                    THE JEWETT LAW GROUP, INC.

By: _____
BRADLEY E. JEWETT
Attorneys for Plaintiff
Eden Surgical Center

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Eden Surgical Center, a California medical corporation

**DEFENDANTS**
Tenet Healthcare Corporation, c/o Tenet Benefits Administration Committee, in its capacity as plan administrator

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Bradley E. Jewett (Bar No. 222773) / The Jewett Law Group, Inc.
937 N. Crescent Heights Blvd., Los Angeles, CA 90046
Tel: (323) 378-6098

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT:** $ $9,000 (approx statutory penalty)

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. Section 1024(b)(4) Disclosure; 29 U.S.C. Section 1132(c) Statutory Penalty re: failure to disclose required documents under ERISA.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☑ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | | | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **CV09 07156**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Eden Surgical Center - Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Tenet Healthcare Corporation, c/o Tenet Benefits Administration Committee, in its capacity as plan administrator - Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date October 1, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address: The Jewett Law Group, Inc.
Bradley E. Jewett, Esq. (Bar No. 222773)
937 N. Crescent Heights Blvd.
Los Angeles, CA 90046
Tel: (323) 378-6098 / Fax: (323) 378-5818
Brad@JewettLawGroup.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eden Surgical Center, a California medical corporation<br><br>PLAINTIFF(S)<br>v.<br><br>Tenet Healthcare Corporation, c/o Tenet Benefits Administration Committee, in its capacity as plan administrator<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09 07156 FMO**<br><br>SUMMONS |

TO: DEFENDANT(S): Tenet Healthcare Corporation, c/o Tenet Benefits Administration Committee, in its capacity as plan administrator

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Bradley E. Jewett_____, whose address is 937 N. Crescent Heights Blvd., Los Angeles, CA 90046_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __OCT - 1 2009__    By: __CHRISTOPHER POWERS__
                                Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*