MONICA M. QUINN (BAR NO. 198332)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: mquinn@allenmatkins.com

SAMUEL H. STEIN (BAR NO. 144117)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
1901 Avenue of the Stars, Suite 1800
Los Angeles, California 90067-6019
Phone: (310) 788-2400
Fax: (310) 788-2410
E-Mail: sstein@allenmatkins.com

Attorneys for Defendant
TENET HEALTHCARE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN SURGICAL CENTER, a California medical corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TENET HEALTHCARE CORPORATION, C/O TENET BENEFITS ADMINISTRATION COMMITTEE, in its capacity as plan administrator,<br><br>Defendant. | Case No. CV09 07156 FMO<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Tenet Healthcare Corporation ("Defendant"), on behalf of itself alone and no other defendants, hereby answers Plaintiff Eden Surgical Center's ("Plaintiff") Complaint as follows:

1. In response to Paragraph 1 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph.

2. In response to Paragraph 2 of the Complaint, Defendant admits that it is a corporation with a group employee welfare benefit plan. Except as expressly admitted, Defendant denies all the allegations contained therein.

3. In response to Paragraph 3 of the Complaint, Defendant admits that the statutes cited by Plaintiff, 29 U.S.C. § 1132(e) and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), in all respects speak for themselves. Except as expressly admitted herein, Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 3 of the Complaint and on that basis denies all the allegations contained therein.

4. In response to Paragraph 4 of the Complaint, Defendant admits that the statute cited by Plaintiff, 29 U.S.C. § 1132(e)(2), in all respects speaks for itself. Except as expressly admitted herein, Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 4 of the Complaint and on that basis denies all the allegations contained therein.

## Eden's Standing

5. In response to Paragraph 5 of the Complaint, Plaintiff sets forth legal conclusions, not factual allegations that may be admitted or denied. As to any factual allegations made, Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 5 of the Complaint and on that basis denies all the allegations contained therein.

6. In response to Paragraph 6 of the Complaint, Plaintiff sets forth legal conclusions, not factual allegations that may be admitted or denied. As to any factual allegations made, Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 6 of the Complaint and on that basis denies all the allegations contained therein.

7. In response to Paragraph 7 of the Complaint, Plaintiff sets forth legal conclusions, not factual allegations that may be admitted or denied. However, Defendant denies Plaintiff is entitled to any form of relief, now or in the future.

### The Plan And The Administration Thereof

8. In response to Paragraph 8 of the Complaint, Defendant admits the allegations in that paragraph.

9. In response to Paragraph 9 of the Complaint, Defendant avers that the Plan documents speak for themselves and are the best evidence of their contents, including but not limited to the identification of the Plan's claims administrator.

10. In response to Paragraph 10 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

### The Patient

11. In response to Paragraph 11 of the Complaint, Defendant admits the allegations in that paragraph.

12. In response to Paragraph 12 of the Complaint, Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 12 of the Complaint and on that basis denies all the allegations contained therein.

13. In response to Paragraph 13 of the Complaint, Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 13 of the Complaint and on that basis denies all the allegations contained therein.

14. In response to Paragraph 14 of the Complaint, Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 14 of the Complaint and on that basis denies all the allegations contained therein.

15. In response to Paragraph 15 of the Complaint, Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 15 of the Complaint and on that basis denies all the allegations contained therein.

16. In response to Paragraph 16 of the Complaint, Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 16 of the Complaint and on that basis denies all the allegations contained therein.

17. In response to Paragraph 17 of the Complaint, Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 17 of

the Complaint and on that basis denies all the allegations contained therein.

**Eden's Document Production Demand**

18. In response to Paragraph 18 of the Complaint, Defendant admits that there have been communications between it and Plaintiff and its representatives, which, to the extent they exist in written form, speak for themselves.

19. In response to Paragraph 19 of the Complaint, Defendant avers that the documents and information that have been produced speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendant denies the allegations contained in said paragraph.

20. In response to Paragraph 20 of the Complaint, Defendant avers that the documents and information that have been produced speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendant denies the allegations contained in said paragraph.

21. In response to Paragraph 21 of the Complaint, Defendant avers that the documents and information that have been produced speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendant denies the allegations contained in said paragraph.

22. In response to Paragraph 22 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

23. In response to Paragraph 23 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

**FIRST CAUSE OF ACTION**
**FOR FAILURE TO DISCLOSE PLAN DOCUMENTS**
**IN VIOLATION OF 29 U.S.C. § 1024(b)(4) AND 29 C.F.R. § 2560.503-1**

24. In response to Paragraph 24 of the Complaint, Defendant refers to and incorporates by reference Paragraphs 1 through 23 of this Answer as though fully set forth herein.

1    25.   In response to Paragraph 25 of the Complaint, Plaintiff sets forth legal conclusions, not factual allegations that may be admitted or denied.  As to any factual allegations made, Defendant denies all the allegations contained therein.

26.   In response to Paragraph 26 of the Complaint, Plaintiff sets forth legal conclusions, not factual allegations that may be admitted or denied.  As to any factual allegations made, Defendant denies all the allegations contained therein.

27.   In response to Paragraph 27 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

28.   In response to Paragraph 28 of the Complaint, Plaintiff sets forth legal conclusions, not factual allegations that may be admitted or denied.  As to any factual allegations made, Defendant denies all the allegations contained therein.

29.   In response to Paragraph 29 of the Complaint, Plaintiff sets forth legal conclusions, not factual allegations that may be admitted or denied.  As to any factual allegations made, Defendant denies all the allegations contained therein.

## ADDITIONAL DEFENSES

Without waiving or excusing the burden of proof on Plaintiff or admitting that Defendant has any burden of proof, Defendant asserts the following separate and independent additional defenses:

## FIRST ADDITIONAL DEFENSE

30.   The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND ADDITIONAL DEFENSE

31.   The Complaint is barred, in whole or in part, by Plaintiff's failure to exhaust its administrative remedies.

## THIRD ADDITIONAL DEFENSE

32.   The Complaint is barred, in whole or in part, by the terms, definitions, exclusions, conditions, limitations, and endorsements contained in the applicable

employee benefit plan which is the subject of the Complaint and/or the terms and provisions of ERISA.

### FOURTH ADDITIONAL DEFENSE

33. The Complaint is barred, in whole or in part, by Plaintiff's failure to comply with the terms and conditions contained in the applicable employee benefit plan which is the subject of the Complaint and/or ERISA.

### FIFTH ADDITIONAL DEFENSE

34. The Complaint is barred, in whole or in part, because Plaintiff and others have failed to perform all of the obligations and conditions set forth under the employee benefit plan which is the subject of the Complaint and/or ERISA.

### SIXTH ADDITIONAL DEFENSE

35. The Complaint is barred, in whole or in part, because it fails to state sufficient facts to constitute a valid claim for attorneys' fees.

### SEVENTH ADDITIONAL DEFENSE

36. The Complaint is barred, in whole or in part, because Plaintiff seeks relief with its Complaint which is not authorized under ERISA and/or under federal law, and such claims are therefore void.

### EIGHTH ADDITIONAL DEFENSE

37. The Complaint is barred, in whole or in part, by the applicable statutes of limitation.

### NINTH ADDITIONAL DEFENSE

38. The Complaint is barred, in whole or in part, by the doctrine of estoppel.

### TENTH ADDITIONAL DEFENSE

39. The Complaint is barred, in whole or in part, by Plaintiff's failure to comply with the applicable provisions of the Health Insurance Portability and Accountability Act (HIPAA) in seeking documents and relief from this answering Defendant.

## ELEVENTH ADDITIONAL DEFENSE

40. The Complaint is barred, in whole or in part, by Plaintiff's unclean hands.

## TWELFTH ADDITIONAL DEFENSE

41. The Complaint is barred, in whole or in part, because Plaintiff does not have standing to assert a claim under ERISA to the extent Plaintiff is neither a "participant" nor a "beneficiary" as those terms are defined in ERISA § 3, 29 U.S.C. § 1002.

## THIRTEENTH ADDITIONAL DEFENSE

42. The Complaint is barred, in whole or in part, because Plaintiff does not have standing under Article III, § 2, cl.1.A of the United States Constitution.

## FOURTEENTH ADDITIONAL DEFENSE

43. The Complaint is barred, in whole or in part, because the alleged violations under 29 C.F.R. § 2560.503-1 do not allow for statutory damages under ERISA, which Plaintiff seeks.

## FIFTEENTH ADDITIONAL DEFENSE

44. The Complaint is barred, in whole or in part, because Defendant acted in good faith at all times herein and did not breach any duty owed to Plaintiff and did not engage in any inherently, wrongful or illegal act in its dealings with Plaintiff and/or any other persons and entities concerning the matters alleged in the Complaint.

## SIXTEENTH ADDITIONAL DEFENSE

45. The Complaint is barred, in whole or in part, by reason of Plaintiff's failure to mitigate those damages.

## SEVENTEENTH ADDITIONAL DEFENSE

46. The Complaint is barred, in whole or in part, by the doctrine of waiver.

### EIGHTEENTH ADDITIONAL DEFENSE

47. The Complaint is barred, in whole or in part, because Defendant has discharged its duties with respect to the Plan, in the interest of Plan participants and their beneficiaries, and in doing so, has acted within its discretion in accordance with the documents and instruments governing the Plan.

### NINETEENTH ADDITIONAL DEFENSE

48. The Complaint is barred, in whole or in part, because Defendant has made available and/or produced to Plaintiff all relevant Plan documents to which Plaintiff may have been entitled.

### TWENTIETH ADDITIONAL DEFENSE

49. The Complaint is barred, in whole or in part, because Plaintiff is precluded from recovering any of the alleged damages under the terms of the Plan, ERISA and federal common law.

### TWENTY-FIRST ADDITIONAL DEFENSE

50. The Complaint is barred, in whole or in part, because Defendant is an improper party because it cannot be classified as an employee welfare benefit plan with respect to the alleged wrongdoing for which the remedy is sought.

### TWENTY-SECOND ADDITIONAL DEFENSE

51. The Complaint is barred, in whole or in part, because Defendant has at all times acted reasonably and in good faith in conformity with and in reliance on the applicable statutory regulations, orders, rulings, approvals, and interpretations on the applicable statutory regulations.

### TWENTY-THIRD ADDITIONAL DEFENSE

52. The Complaint is barred, in whole or in part, because Plaintiff's remedies for any alleged acts or omission by Defendant are limited solely to those afforded by ERISA.

### TWENTY-FOURTH ADDITIONAL DEFENSE

53. The Complaint is barred, in whole or in part, because Defendant is an improper party because it cannot be classified as the administrator of an employee welfare benefit plan with respect to the alleged wrongdoing for which the remedy is sought.

### TWENTY-FOURTH ADDITIONAL DEFENSE

54. Plaintiff has sued the wrong party and/or has failed to join an indispensable party.

WHEREFORE, Defendant prays judgment as follows:

1. That judgment be entered in favor of Defendant and against Plaintiff and that the Complaint be dismissed with prejudice;
2. That Defendant be awarded its costs of suit;
3. That Defendant be awarded its reasonable attorneys' fees as may be determined by the Court; and
4. That the Court award such other and further relief as it deems just and proper.

Dated: November 3, 2009

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
SAMUEL H. STEIN
MONICA M. QUINN

By: */s/ - Monica M. Quinn*
MONICA M. QUINN
Attorneys for Defendant
TENET HEALTHCARE CORPORATION

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

842511.01/LA

-9-