THE JEWETT LAW GROUP, INC.
BRADLEY E. JEWETT (BAR NO. 222773)
937 N. Crescent Heights Boulevard
Los Angeles, California 90046
Phone: (323) 300-6413
Fax: (323) 638-5883
E-mail: Brad@JewettLawGroup.com

Attorneys for Plaintiff
EDEN SURGICAL CENTER,
a California medical corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN SURGICAL CENTER, a California medical corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>TENET HEALTHCARE CORPORATION, C/O TENET BENEFITS ADMINISTRATION COMMITTEE, in its capacity as plan administrator; TENET BENEFITS ADMINISTRATION COMMITTEE<br><br>    Defendant. | Case No. CV09-07156-FMO<br><br>**FIRST AMENDED COMPLAINT FOR DISCLOSURE AND STATUTORY PENALTY FOR FAILURE TO DISCLOSE PLAN DOCUMENTS UNDER THE EMPLOYEES RETIREMENT INCOME SECURITY ACT OF 1974**<br><br>**29 U.S.C. §1132(a)(1)(A)**<br>**[Disclosure Penalty]** |

Plaintiff Eden Surgical Center respectfully alleges as follows:

1. Plaintiff Eden Surgical Center ("Eden") at all times mentioned herein, was and is a California medical corporation conducting business in the County of Los Angeles, State of California.

2. Eden is informed and believes, and on that basis alleges, that defendant Tenet Healthcare Corporation, c/o Tenet Benefits Administration Committee ("THC"),

1  at all times mentioned herein, was and is an entity that can be found in the County of
2  Los Angeles, State of California.
3      3.    Eden is informed and believes, and on that basis alleges, that defendant
4  Tenet Benefits Administration Committee ("Tenet"), in its capacity as the plan
5  administrator, at all times mentioned herein, was and is a corporation with a group
6  employee welfare benefit plan that can be found and is administered in the County of
7  Los Angeles, State of California.
8      4.    The jurisdiction of this Court is proper under 29 U.S.C. §1132(e), as this is
9  a civil action under Section 502 of the Employees Retirement Income Security Act of
10 1974 ("ERISA").  All statutory references are to ERISA, which is codified at Title 29.
11     5.    The venue of this action in this Court is proper under 29 U.S.C.
12 §1132(e)(2), as the Tenet Employee Benefit Plan, *infra*, may be found, and is
13 administered, in California's Central Judicial District, in the County of Los Angeles,
14 State of California.

## Eden's Standing

16     6.    Eden hereby sues Tenet derivatively, appearing before this Court as the
17 assignee of its patient, plan participant Gloria Elequin (the "Plan Participant"), and not
18 as an independent suitor.  As a derivative suitor, Eden stands in the shoes of its
19 assignor, and invokes the jurisdiction of the Court to enforce the Plan Participant's
20 ERISA rights.
21     7.    Subject matter jurisdiction of this Court is proper under 28 U.S.C. §1331,
22 as Eden presents a colorable claim under ERISA.
23     8.    Eden reserves, and does not hereby waive its right, to pursue additional
24 relief against Tenet in the future under 29 U.S.C. §1132(a)(1)(B).

## The Plan and the Administration Thereof

26     9.    Eden is informed and believes, and thereon alleges that Tenet has a group
27 employee welfare benefit plan entitled the Tenet Employee Benefit Plan (the "Plan").
28

10. Eden is informed and believes, and thereon alleges that PacifiCare (or an affiliate or subsidiary thereof) ("PC"), serves as the claims administrator for the Plan.

11. Tenet, in its capacity as the plan administrator, is liable for the ERISA disclosure violations at issue. As such, Tenet is charged herein with the failure and refusal to provide the documents under which the Plan is operated and relating to the adverse benefit determination at issue, following Eden's written request for such documents, in direct violation of 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1 paragraphs (g), (h) and (m).

## The Plan Participant

12. Eden is informed and believes, and on that basis alleges, that at all times mentioned herein, the Plan Participant was and is a covered beneficiary of the Plan.

13. On or about February 26, 2006, Eden verified with PC that the Plan Participant was a covered beneficiary of the Plan.

14. Prior to receiving medical care from Eden, the Plan Participant assigned her benefits and ERISA representative rights under the Plan to Eden.

15. Based upon the information provided and the representation of coverage made by PC, Eden rendered medical care to the Plan Participant on or around September 28, 2006.

16. Following the medical services provided to the Plan Participant, Eden submitted an HCFA 1450 claim with an itemized list of expenses to PC for reimbursement.

17. PC requested certain documents for medical review from Eden before it could process the claim. On December 11, 2006, Eden forwarded medical documents and records to PC employee Kristen Markel, who acknowledged receipt of the information and replied that the information would be forwarded to PC's medical director for review. PC provided no further communication, and failed to respond to subsequent requests for clarification regarding the status of the claim.

18. Thus, PC issued an adverse benefit determination on Eden's claim by failing to respond to Eden's request for information.

### Eden's Document Production Demand

19. On or about June 8, 2009, Eden demanded, in writing, that Tenet produce the contracts, agreements and documents under which the Plan is established and/or operated and relating to the adverse benefit determination at issue (the "Documents"), pursuant to 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560-501 paragraphs (g), (h) and (m).

20. In response, Tenet claimed that PC had never received the medical records that were sent to PC in December of 2006. Eden then provided Tenet and PC with copies of the documents Eden disclosed to PC in December of 2006.

21. Tenet subsequently produced the Tenet Employee Benefit Plan, the PC Certificate of Coverage and the PC Schedule of Benefits, but failed and refused to produce any additional documents, notwithstanding Eden's request.

22. On August 25, 2009, PC issued an Explanation of Benefits ("EOB") which stated Eden's claim was ineligible. PC's notice stated "claims must be submitted within the timely filing limit in order to be paid. Your timely filing limit may be based on any of the following: provider contract, certificate, and/or state law(s)".

23. As of the date this Complaint was filed, Tenet has failed and refused to produce the additional Documents relating to the operation of the Plan which would allow Eden to understand the ineligibility and ultimate denial notice.

24. Based on Tenet's conduct, Eden has been denied the opportunity to know exactly where it stands with respect to the Plan and the operation thereof regarding the claims administration for medical services provided to the Plan Participant.

///
///
///
///

# FIRST CAUSE OF ACTION
# FOR DISCLOSURE AND PENALTIES FOR FAILURE
# TO DISCLOSE THE DOCUMENTS IN VIOLATION OF
# 29 U.S.C. §1024(b)(4) AND 29 C.F.R.§2560.503.1.

25. Eden realleges and incorporates herein by this reference paragraphs 1 through 24, inclusive, of this Complaint.

26. As an ERISA fiduciary and administrator of the Plan, Tenet had a duty to provide complete disclosure of the Documents upon the written request from Eden, and if necessary, to obtain such documents from its subordinate claims administrator.

27. Tenet breached this disclosure duty by failing and refusing to produce all of the required Documents after receiving Eden's written request, in violation of 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1 paragraphs (g), (h) and (m).

28. Tenet's failure to produce the Documents denied Eden the opportunity to know exactly where it stands with respect to the Plan and the operation thereof regarding the claims administration for medical services provided to the Plan Participant identified herein, and thus necessitated the filing of this action.

29. Accordingly, Tenet should be ordered to produce the requested Documents under 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1 paragraphs (g), (h) and (m). Further, Tenet should be subject to the statutory penalty prescribed by 29 U.S.C. §1132(c), in the amount of $110.00 dollars per day commencing on July 9, 2009, through and including the date judgment is entered in this action, or the date that the requested Documents are received, whichever comes first.

30. In addition, Eden should be awarded its reasonable attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1).

## PRAYER

**WHEREFORE**, plaintiff Eden Surgical Center prays for judgment against defendant Tenet Benefits Administration Committee as follows:

## ON THE FIRST CAUSE OF ACTION

1. For an order or judgment of the Court compelling this defendant's immediate production of all Documents requested by Eden, in accordance with 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1 paragraphs (g), (h) and (m);

2. For an award of the statutory penalty due under 29 U.S.C. §1132(c) in the amount of $110.00 dollars per day for the claim at issue, commencing on July 9, 2009, through and including the date judgment is entered in this action, or the date that the requested Documents are received, whichever comes first;

3. For an award of Eden's attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1);

4. For an award of plaintiff Eden Surgical Center's costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: March 16, 2010                THE JEWETT LAW GROUP, INC.


By:   /S/ *Bradley E. Jewett*
      BRADLEY E. JEWETT
      Attorneys for Plaintiff
      Eden Surgical Center