MONICA M. QUINN (BAR NO. 198332)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: mquinn@allenmatkins.com

SAMUEL H. STEIN (BAR NO. 144117)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
1901 Avenue of the Stars, Suite 1800
Los Angeles, California 90067-6019
Phone: (310) 788-2400
Fax: (310) 788-2410
E-Mail: sstein@allenmatkins.com

Attorneys for Defendant
TENET BENEFITS ADMINISTRATION
COMMITTEE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN SURGICAL CENTER, a California medical corporation, | Case No. CV09 07156 FMO |
| Plaintiff, | **DEFENDANT TENET BENEFITS ADMINISTRATION COMMITTEE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| TENET HEALTHCARE CORPORATION, C/O TENET BENEFITS ADMINISTRATION COMMITTEE, in its capacity as plan administrator; TENET BENEFITS ADMINISTRATION COMMITTEE, | Date: June 2, 2010 Time: 10:00 a.m. Place: Courtroom F |
| Defendants. | |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ................................................................................................... 1

II.   FACTUAL SUMMARY ....................................................................................... 1

III.  ARGUMENT AND AUTHORITIES ................................................................... 4

    A.   Plaintiff Does Not Have Standing ............................................................... 4

        1.   Plaintiff does not have standing under the statute ....................... 4

        2.   The Tenet Employee Benefit Plan does not permit an assignment of rights ........................................................... 5

        3.   The Summary Plan Description and PacifiCare – Tenet Contract (PPO Policy) do not permit the assignment of document disclosure rights ................................ 7

        4.   The assignment of benefits executed by the Patient does not permit the assignment of document disclosure rights ............................................................... 9

    B.   Even If Plaintiff Has Standing, Defendant Has Furnished To Plaintiff All Documents That Must Be Furnished Under The Statute, And No Penalties Are Due Under 29 U.S.C. § 1132(c) ................................................................................ 12

        1.   Only official plan documents must be furnished under 29 U.S.C. § 1024(b) or 1132(c)(1)B) ........................... 12

        2.   Any alleged failure to furnish documents described in 29 C.F.R. § 2560.503-1 does not result in penalties ...................................................................... 14

    C.   No Statutory Penalties Are Warranted Under The Facts Of This Case ................................................................................ 16

        1.   The Court has authority to decline to impose penalties ...................................................................... 16

        2.   There is no liability for a failure to produce documents outside of Defendant's control ............................. 17

IV.   CONCLUSION ................................................................................................... 18

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4  Board of Trustees of the CWA/ITU Negotiated Pension Plan v.
5      Weinstein
    107 F.3d 139 (2nd Cir. 1997)................................................... 13

6  Brucks v. Coca-Cola Co.
    391 F.Supp.2d 1193 (N.D. Ga. 2005)....................................... 15
7

8  Commissioner v. Acker
    361 U.S. 87 (1959)..................................................................... 13

9  Davidowitz v. Delta Dental Plan of California, Inc.
    946 F.2d 1476 (9th Cir. 1991) ............................................... 5, 7
10

11  Fergus v. Standard Ins. Co.
    27 F.Supp.2d 1247 (D. Or. 1998) ............................................. 15

12  Firestone Tire & Rubber Co. v. Bruch,
    489 U.S. 101 (1989)....................................................................5
13

14  Graeber v. Hewlett Packard Income Protection Plan
    281 Fed. Appx. 679 (9th Cir. 2008).......................................... 17

15  Groves v. Modified Retirement Plan for Hourly Paid Employees of the
    Johns Mansville Corp.,
16      803 F.2d 109 (3rd Cir. 1986) ................................................... 15

17  Johnson v. Buckley,
    356 F.3d 1067 (9th Cir. 2004)......................................................4
18

19  LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores,
    Inc.
    298 F.3d 348 (5th Cir. 2002) ......................................................6
20

21  Misic v. Building Service Employees Health and Welfare Trust
    789 F.2d 1374 (9th Cir. 1986) .....................................................5

22  Paris v. F. Korbel & Bros., Inc.
    751 F.Supp. 834 (N.D. Cal. 1990)............................................ 17
23

24  Physicians Multispecialty Group v. Health Care Plan of Horton Homes,
    Inc.,
    371 F.3d 1291 (11th Cir. 2004) ..................................................6
25

26  Pisciotta v. Teledyne Industries, Inc.
    91 F.3d 1326 (9th Cir. 1996) ......................................................8

27  Sgro v. Danone Waters
    532 F.3d 940 (9th Cir. 2008) .................................................... 16
28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

**Page(s)**

Shaver v. Operating Engineers Local 428 Pension Trust Fund
  332 F.3d 1198 (9th Cir. 2003) ................................................................ 13

Stuhlreyer v. Armco, Inc.
  12 F.3d 75 (6th Cir. 1993) ...................................................................... 15

United States v. Eaton
  144 U.S. 677 (1892) .............................................................................. 15

Watkins v. Westinghouse Hanford Co.
  12 F.3d 1517 (9th Cir. 1993) .................................................................... 8

Wilczynski v. Lumbermens Mutual Casualty Co.
  93 F.3d 397 (7th Cir. 1996) .................................................................... 15

Younkin v. Prudential Ins. Co.
  2007 U.S. Dist. LEXIS 5376 (D. Mont. 2007) ....................................... 15

Younkin v. Prudential Ins. Co.
  288 Fed. Appx. 344 (9th Cir. 2008) ....................................................... 15

**Statutes**

29 C.F.R. § 2560.503-1 ............................................................................. 15

29 U.S.C. § 1024(b) .................................................................................. 13

29 U.S.C. § 1024(b)(4) .............................................................................. 12

29 U.S.C. § 1132(c) .................................................................................. 14

29 U.S.C. § 1132(c)(1) ................................................................................ 6

29 U.S.C. § 1132(c)(1)(B) .......................................................................... 14

## I.   <u>INTRODUCTION.</u>

Eden Surgical Center lacks standing to sue for an alleged failure to disclose documents pursuant to the Employee Retirement Income Security Act of 1974 because none of the documents at issue in this case allow for an assignment of document disclosure rights.  The Tenet Employee Benefit Plan, PacifiCare-Tenet Contract (PPO Policy), Summary Plan Description and purported assignment of benefits executed by the Patient all fail to permit an assignment of document disclosure rights to Eden Surgical Center.

Even if Eden has standing, Tenet has furnished to Eden all documents that must be furnished under the statute and thus, no penalties are warranted.  Any documents which Eden claims it failed to receive are unofficial documents that are not required to be furnished pursuant to the statute.  As such, Tenet respectfully requests the Court grant its Motion and dismiss Eden's Complaint in its entirety.

## II.   <u>FACTUAL SUMMARY.</u>

Tenet Benefits Administration Committee is the administrator of the Tenet Employee Benefit Plan.  Iba Decl., Exh. "A" at p. 57.  PacifiCare is the insurance carrier and claims administrator of the Plan.  <u>Id.</u>, at ¶ 3.  The patient was a beneficiary covered by the Plan.  Complaint, ¶ 12.

Section 18.4 of the Tenet Employee Benefit Plan contains a prohibition against assignments:  "[N]o interest in or benefit payable under the Plan will be subject in any manner to . . . assignment . . . ."  Iba Decl., Exh. "A" at p. 76.  The PacifiCare-Tenet Contract (PPO Policy) and Summary Plan Description also contains a prohibition against assignments, except for "covered expenses" which would not include any document disclosure rights.  <u>Id.</u>, Exh. "B" at p. 216; Exh. "C" at p. 306.  Lastly, the assignment executed by the Patient to Eden Surgical Center only applies to the following three situations:  (1) an administrative claims process; (2) any appeal or review process for a denied claim; or (3) any legal process, necessary to collect claims submitted for health insurance benefits.  <u>Id.</u>, Exh. "K."

1  None of these situations are applicable to this situation – a claim regarding
2  document disclosure rights.

3       Eden alleges that it provided medical care to the Patient.  Complaint, ¶ 15.
4  Eden asserts that prior to providing medical care to the Patient, the Patient assigned
5  her benefits under the plan to Eden.  Eden further asserts after it provided medical
6  services to the Patient, Eden submitted claims to PacifiCare for reimbursement.
7  Complaint, ¶ 16.  It appears such claims were denied first as untimely and later as
8  incomplete.  Iba Decl., ¶ 14.

9       This litigation is nothing more than another attempt by Eden Surgical Center
10  to obtain reimbursement on PacifiCare's denial of the Patient's claim.  Indeed, when
11  Dr. Laurence Reich first corresponded with Tenet in 2009, he indicated that he was
12  seeking its assistance to resolve the alleged failure of PacifiCare to process the
13  Patient's claim properly.  Id., ¶ 5, Exh. "D" at p. 354.  His motives were always
14  readily apparent.

15       On July 22, 2009, Dr. Reich told Ms. Iba, "If PacifiCare resolves this claim
16  appropriately and expeditiously, I will recommend to Eden's governing board that
17  the matter between it and Tenet conclude."   Id., Exh. "H" at p. 376.  On August 4,
18  2009, Dr. Reich threatened, "[E]ither this claim is paid immediately and properly
19  without re-pricing or discounting or I will recommend to Eden's Governing Board
20  that the organization commence a 1132(a)(1)(A) action against Tenant."  Id.,
21  Exh. "I" at p. 379.  Most telling is Dr. Reich's August 5, 2009 correspondence
22  where he indicated that "it appears the controversy is concluding 'due to a' flurry of
23  communications with a supervisor at PacifiCare."  Id., Exh. "J" at 382.

24       Despite its belief that Eden lacked standing to request any Plan documents, in
25  order to avoid a dispute, Tenet produced the Tenet Employee Benefit Plan, the
26  PacifiCare – Tenet Contract (PPO Policy) and the Summary Plan Description.  Id.,
27  ¶ 6, Exhs. "G" at p. 374, "I" at p. 378, and "J" at p. 381.  Tenet also voluntarily
28

1  forwarded all medical records provided by Plaintiff regarding the Patient to

2  PacifiCare and requested that it reprocess the claim. Iba Decl., ¶ 9.

3          Moreover, Iba repeatedly asked Dr. Reich if there were additional documents

4  he needed. Id., Exhs. "G" at p. 374, "I" at p. 378, and "J" at p. 381. Most telling is

5  that following each of Ms. Iba's offers on July 15, 2009, August 4, 2009, and

6  August 5, 2009 to provide additional documents, Dr. Reich never requested

7  additional documents and, instead, made clear that if the Patient's claim was paid by

8  PacifiCare, the matter between Eden and Tenet would conclude. Id., Exhs. "H" at

9  p. 376, "I" at p. 379, and "J" at p. 382.

10         Despite Tenet's disclosure of documents and repeated requests that Reich

11  clarify the information he needed, this litigation commenced. This is not surprising

12  considering Dr. Reich and/or Eden Surgical Center have been plaintiffs in at least

13  forty cases filed under the Employee Retirement Income Security Act of 1974, as

14  amended, ("ERISA") since 1995, with fifteen filed in 2009 alone.[1]  Quinn Decl.,

15

16  [1]  See, e.g., (1) Eden Surgical Center v. Boyd Coffee Company, 10cv-0884 (C.D.
Cal.); (2) Eden Surgical Center v. B Braun Medical, Inc., 09cv-1011 (C.D. Cal.);

17  (3) Eden Surgical Center v. Budco Group, Inc., 09cv-3991 (C.D. Cal.); (4) Eden
Surgical Center v. California Motor Car Dealers Association, 09cv-6456 (C.D.

18  Cal.); (5) Eden Surgical Center v. Centric Group LLC, Health Benefits Plan,
09cv-7154 (C.D. Cal.); (6) Eden Surgical Center v. Dollar Thrifty Automotive

19  Group, Inc., 09cv-6454 (C.D. Cal.); (7) Eden Surgical Center v. Emerson
Electric Co Self-Funded Medical PLA, 09cv-2554 (C.D. Cal.); (8) Eden Surgical

20  Center v. Experian Information Solutions, Inc., 09cv-489 (C.D. Cal.); (9) Eden
Surgical Center v. General Electric Company, 09cv-4301 (C.D. Cal.); (10) Eden

21  Surgical Center v. Marvin Engineering Company, Inc., 09cv-1407 (C.D. Cal.);
(11) Eden Surgical Center v. New Breed, Inc. Health Plan Administrator, 09cv-

22  4031 (C.D. Cal.); (12) Eden Surgical Center v. Ozburn-Hessey Logistics, 09cv-
2965 (C.D. Cal.); (13) Eden Surgical Center v. Rudolph Foods Company, Inc.,

23  09cv-3060 (C.D. Cal.); (14) Eden Surgical Center v. Sprint Nextel Medical Plan
Administrator, 10cv-01424 (C.D. Cal.); (15) Eden Surgical Center v. St. Jude

24  Medical, Inc., 09cv-1253 (C.D. Cal.); (16) Eden Surgical Center v. The
Administrative Committee of the Time Warner Cable Benefits Plan, 10cv-0920

25  (C.D. Cal.); (17) Eden Surgical Center v. WW Grainger, Inc., 09cv-302 (C.D.
Cal.); (18) Reich v. Aetna US Healthcare, et al., 98cv-5212 (C.D. Cal.);

26  (19) Reich v. Boeing Company, 99cv-11805 (C.D. Cal.); (20) Reich v.
Boilermakers Natl, 96cv-7215 (C.D. Cal.); (21) Reich v. Charter

27  Communications Inc., 04cv-9126 (C.D. Cal.); (22) Reich v. CIFWP, 98cv-7219
(C.D. Cal.); (23) Reich v. Countrywide Cred. Ind., 03cv-7004 (C.D. Cal.);

28  (24) Reich v. CIGNA Healthcare, Inc., 01cv-04076 (C.D. Cal.); (25) Reich v.
Deutsche Bank, 99cv-11804 (C.D. Cal.); (26) Reich v. DHL Premium Plan,

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1  Exh. "A." Their status as repeat ERISA litigants supports the proposition that the

2  requested documents were sought to fuel litigation, rather than to analyze the denial

3  of benefits. This is further evidenced by the fact that Eden has never sought the

4  documents during the pendency of this litigation. Eden has not served a single

5  request for production of documents, nor during this action has it sought to

6  subpoena PacifiCare for production of documents. Quinn Decl., ¶ 3.

7  **III.  ARGUMENT AND AUTHORITIES.**

8      **A.  Plaintiff Does Not Have Standing.**

9          **1.  Plaintiff does not have standing under the statute.**

10         Plaintiff's Complaint contains only a single cause of action - a claim for

11  penalties for alleged document disclosure violations under 29 U.S.C. §

12  1132(a)(1)(A). However, under 29 U.S.C. § 1132(a)(1)(A), a civil action may be

13  brought only by a participant or beneficiary, and the Plaintiff clearly is neither a

14  participant nor a beneficiary. In fact, the Plaintiff concedes, as it must, that it is not

15  a participant or beneficiary. Complaint, ¶ 6. Therefore, the Plaintiff does not have

16  standing to bring this case.

17         Furthermore, an action for document disclosure violations under 29 U.S.C. §

18  1132(a)(1)(A) cannot be brought independently of a claim for benefits under 29

19  U.S.C. § 1132(a)(1)(B). Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

20

21  04cv-8322 (C.D. Cal.); (27) Reich, et al. v. Sara Gault, 95cv-3657 (C.D. Cal.);
    (28) Reich v. Group Medical Expense Benefits Plan for Broadcam Corporation
22  et al., 04cv-169 (C.D. Cal.); (29) Reich v. Health Net of CA Inc., 03cv-1405
    (C.D. Cal.); (30) Reich v. Informal Rockwell, et al., 01cv-4884 (C.D. Cal.);
23  (31) Reich v. Lakeshore Learning, 98cv-7711 (C.D. Cal.); (32) Reich v.
    Merchant & Gould PC, 00cv-515 (C.D. Cal.); (33) Reich v. Novartis Pharm.
24  Corp., 04cv-10414 (C.D. Cal.); (34) Reich v. Teletech Holdings, et al. , 01cv-
    4261 (C.D. Cal.); (35) Reich v. Time Warner Inc., 00cv-4213 (C.D. Cal.);
25  (36) Reich v. Tricon Global, 00cv-9125 (C.D. Cal.); (37) Reich v. Tricon Global,
    01cv-62 (C.D. Cal.); (38) Reich v. United Airlines Med, et al., 97cv-9266 (C.D.
26  Cal.); (39) Reich v. Universal Studios, et al., 99cv-1254 (C.D. Cal.); (40) Reich
    v. UPS Health and Welfare Package, 04cv-833 (C.D. Cal.); (41) Reich v. Walt
27  Disney Company, et al., 00cv-8792 (C.D. Cal.); and (42) Reich v. United
    Airlines P&W, 95cv-6222 (C.D. Cal.).
28

1  "In order to challenge a benefit plan's failure to comply with ERISA's disclosure

2  requirements, the employees must 'have a colorable claim that (1) [they] will prevail

3  in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the

4  future.' Id. (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117-18

5  (1989)).  Since the Plaintiff is not seeking to recover Plan benefits, the Plaintiff

6  "lack[s] standing to assert a violation of ERISA's disclosure requirements."

7  Johnson, 356 F.3d at 1077.

8              2.      **The Tenet Employee Benefit Plan does not permit an**

9                      **assignment of rights.**

10         ERISA is silent with respect to whether health and welfare plan rights and

11  benefits may be assigned.  Misic v. Building Service Employees Health and Welfare

12  Trust, 789 F.2d 1374, 1376 (9th Cir. 1986) (per curiam).  While non-assignment

13  clauses are not mandated by Congress, they are legal in this jurisdiction and may be

14  included in governing plan documents.  Davidowitz v. Delta Dental Plan of

15  California, Inc., 946 F.2d 1476 (9th Cir. 1991).  The Tenet Employee Benefit Plan

16  includes a clear non-assignment clause.

17         Section 18.4 of the Tenet Employee Benefit Plan, which is entitled "Non-

18  alienation of Benefits" states, in relevant part:

19         "[N]o interest in or benefit payable under the Plan will be subject in any

20         manner to anticipation, alienation, sale, transfer, assignment, pledge,

21         encumbrance, or charge, and any attempt by a Covered Person to

22         anticipate, alienate, sell, transfer, assign, pledge, encumber, or charge

23         the same will be void and of no effect; nor will any interest in or benefit

24         payable under the Plan be in any way subject to any legal or equitable

25         process, including garnishment, attachment, levy, seizure, or lien."  Iba

26         Decl., Exh. "A" at p. 76.

27         In the Ninth Circuit, it is clear that this broad anti-assignment provision is

28  enforceable.  See, Davidowitz, supra.  Since no interest in or benefit payable under

1 the Plan may be assigned, and any attempt to assign any interest in or benefit

2 payable under the Plan is void and of no effect, the purported assignment to the

3 Plaintiff in this case is void and of no effect. Plaintiff has no standing to bring a

4 claim under 29 U.S.C. § 1132(c)(1) because Plaintiff is neither a participant, a

5 beneficiary, nor a valid assignee of a participant or beneficiary.

6        Similar conclusions have been reached in the Fifth and Eleventh Circuits.

7 LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc., 298

8 F.3d 348 (5th Cir. 2002); Physicians Multispecialty Group v. Health Care Plan of

9 Horton Homes, Inc., 371 F.3d 1291 (11th Cir. 2004).

10        The Fifth Circuit found that a health care provider who had been assigned all

11 of a beneficiary's entitlements under the Plan lacked standing to sue, and remanded

12 the case with instructions to dismiss the complaint. LeTourneau, 298 F.3d at 352.

13 The Plan refused to pay the health care provider for replacing a socket on a

14 prosthetic device. Id. at 350. The court held that the Plan's anti-assignment clause

15 was binding, and that the health care provider had no standing. Id. at 352, 353.

16 Indeed, even the fact that the Plan had previously paid the health care provider

17 $19,553 for the prosthetic device in 1997 did not invalidate the anti-assignment

18 clause in the plan. Id. at 352. While the assignment in LeTourneau effectively

19 assigned the right to receive payments for duly covered claims (the prosthetic

20 device), it was ineffective to assign the beneficiary's other contractual or statutory

21 rights under ERISA (payment of any replacements parts). Id. Because of the anti-

22 assignment provision of the plan, the health care provider had no standing. Id. at

23 353.

24        The Eleventh Circuit also found that a health care provider that had received

25 an assignment of benefits from a covered individual had no standing to sue given the

26 unambiguous anti-assignment provision in Physicians Multispecialty Group.

27 "Considering this issue, we are persuaded by the reasoning of the majority of federal

28 courts that have concluded that an assignment is ineffectual if the plan contains an

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1 unambiguous anti-assignment provision." Id. at 1295 (citing Davidowitz, supra, and

2 various other cases).

3       Based on the above, the law of this and other jurisdictions is that the broad

4 and unambiguous anti-assignment clause in the Tenet Employee Benefit Plan voids

5 any purported assignment to the Plaintiff. As such, the Plaintiff does not have

6 standing to bring this case.

7          **3.**     **The Summary Plan Description and PacifiCare – Tenet**

8             **Contract (PPO Policy) do not permit the assignment of**

9             **document disclosure rights.**

10       The Summary Plan Description and PacifiCare – Tenet Contract (PPO Policy)

11 do not permit the assignment of document disclosure rights. Page 26 of the PPO

12 Policy states, in relevant part:

13       "Benefits for Covered Expenses may be assigned by the Covered Person

14       to the person or institution rendering the services. No such assignment

15       will bind the Company prior to the payment of the benefits assigned."

16       (emphasis added). Iba Decl., Exh. "B" at p. 216, Exh. "C" at p. 306.

17       As in the LeTourneau case, the insurance certificate provision quoted above

18 permits payments to providers for covered expenses, but does not allow an

19 assignment of the beneficiary's other contractual or statutory rights under ERISA.

20 Covered expenses are generally expenses for a covered service, which is a medical

21 benefit included in the certificate, prescribed by a provider and medically necessary.

22 Iba Decl., Exh. "C" at p. 339. Disclosure of documents is not something that would

23 be prescribed or medically necessary and thus, would not qualify as a covered

24 expenses. Here, as in LeTourneau, Eden has no standing.

25       Based on the above, Plaintiff has no standing in this case.

26

27

28

1         **4.**     **The Plan document governs over informal summaries or**

2                 **other representations.**

3       Here, the language in Section 18.4 of the Tenet Employee Benefit Plan is

4 unambiguous regarding the prohibition on assignments.  Iba Decl., Exh. "A" at

5 p. 76.  Similarly, the Summary Plan Description and PacifiCare-Tenet Contract

6 (PPO Policy) do not permit the assignment of document disclosure rights.  Iba Decl.,

7 Exh. "B" at p. 216, Exh. "C" at p. 306.  Moreover, to the extent Plaintiff claims

8 other informal summaries or representations permit an assignment of document

9 disclosure rights, Plaintiff is mistaken.  The Summary Plan Document in this matter

10 contains a disclaimer similar to that involved in the <u>Pisciotta</u> case and that should

11 have placed Plaintiff on notice that the official plan document, the Tenet Employee

12 Benefit Plan, was controlling.  It states the following on page 69:

13         **"NOTE:  THIS *CERTIFICATE* PROVIDES A DESCRIPTION OF**

14         **THE BENEFITS AVAILABLE TO YOU UNDER THIS HEALTH**

15         **PLAN.  THE POLICY BETWEEN THE COMPANY AND YOUR**

16         **EMPLOYER CONTAINS ADDITIONAL TERMS SUCH AS**

17         **PREMIUMS, LENGTH OF CONTRACT, AND GROUP**

18         **TERMINATION.  A COPY OF THE POLICY WILL BE**

19         **FURNISHED UPON REQUEST AND IS AVAILABLE AT**

20         **PACIFICARE LIFE AND HEALTH INSURANCE COMPANY**

21         **AND THE EMPLOYER'S PERSONNEL OFFICE."**  Iba Decl.,

22         Exh. "C" at p. 349.

23       Therefore, the Plan document is controlling.  An unambiguous provision in

24 the governing plan document governs over any allegedly contrary information in

25 other documents or statements.  <u>Watkins v. Westinghouse Hanford Co.</u>, 12 F.3d

26 1517 (9th Cir. 1993).  Furthermore, a disclaimer in a summary plan description is

27 effective to put beneficiaries on notice that the official plan document is controlling.

28 <u>Pisciotta v. Teledyne Industries, Inc.</u>, 91 F.3d 1326 (9th Cir. 1996) (per curiam).  As

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1 | indicated above, the unambiguous anti-assignment provision in the Plan document is
2 | enforceable, and the Plaintiff does not have standing to sue.

3 | **4.**   **The assignment of benefits executed by the Patient does not**
4 | **permit the assignment of document disclosure rights.**

5 | This court has determined, in two virtually identical cases brought by the
6 | same Plaintiff before the Honorable Stephen Wilson, that the assignment form
7 | executed by the Patient did not assign to the Plaintiff the right to request plan
8 | documents, and, therefore, the Plaintiff had no standing to sue.  <u>Eden Surgical</u>
9 | <u>Center v. Rudolph Foods Company, Inc.</u>, CV 09-3060 SVW (MANx) (C.D. Cal.
10 | Sept. 10, 2009); <u>Eden Surgical Center v. B. Braun Medical, Inc.</u>, CV 09-1011 SVW
11 | (AJWx) (C.D. Cal. Sept. 10, 2009).  <u>See</u> Request for Judicial Notice submitted
12 | concurrently herewith.

13 | In both of those cases, as well as this case, the Patient executed an
14 | "Assignment of Benefits and Rights; Appointment of Administrative
15 | Representative."  This document contains the following language:

16 | "1.   **APPOINTMENT OF REPRESENTATIVE:**
17 | The undersigned hereby appoints and designates **Eden Surgical Center,**
18 | **a Medical Corporation and/or Dr. Laurence Reich**, as my duly
19 | authorized representatives, and assigns my plan benefits as described
20 | below. This appointment and assignment is effective during any:
21 | (1) Administrative claims process; (2) any Appeal or Review process for
22 | a denied claim; or (3) any legal process, necessary to collect claims
23 | submitted on my behalf for health insurance benefits, but denied by my
24 | plan. The CLAIMS ADMINISTRATOR, PLAN ADMINISTRATOR or
25 | GROUP INSURANCE ADMINISTRATOR for my medical insurance
26 | plan are all hereby notified and directed by me to henceforth regard any
27 | and all communications, particularly including all requests for
28 | information, and notices of appeal, received from my representatives

1       during the administrative process, as though these communications had

2       been received from me. . . .  Iba Decl., Exh. "K."

3           As stated in the Order Denying Plaintiff's Motion for Summary Judgment and

4   Granting Defendant's Motion for Summary Judgment in <u>Rudolph</u>, <u>supra</u> (the

5   "Rudolph Order") (RJN, Exh. "A" at p. 21) and in <u>Braun Medical</u>, <u>supra</u> (the "Braun

6   Medical Order") (RJN, Exh. "B" at p. 40):

7       "Even if the Plan permits the Plan participants to assign to Eden their

8       right to request plan documents, Eden must show that this right has in

9       fact been assigned to it.  This is where Eden's claim fails."

10          Here, the Plan does not permit the assignment of document disclosure rights,

11  nor did the purported assignment document assign such rights.

12          The second sentence of the purported assignment form at issue in this case, as

13  well as in the <u>Rudolph</u> and <u>Braun Medical</u> cases, state:

14      "This . . . assignment is effective during any: (1) Administrative claims

15      process; (2) any Appeal or Review process for a denied claim; or (3) any

16      legal process, necessary to collect claims submitted on my behalf for

17      health insurance benefits, but denied by my plan."  RJN, Exh. "A" at

18      p. 8 (Rudolph Order); Exh. "B" at p. 29 (Braun Medical Order).

19          Neither of those situations is applicable to the situation at issue here – a suit

20  related to document disclosure.  As indicated in the Rudolph Order (RJN, Exh. "A"

21  at pp. 21-23) and in the Braun Medical Order (RJN, Exh. "B" at pp. 41-42):

22      "As has been emphasized throughout this Order, suits related to benefits

23      are distinct from suits related to document disclosure.  Eden's present

24      suit is not to collect health benefits claims.  Eden's suit is to collect

25      statutory penalties for [Defendant's] alleged failure to provide Plan

26      documents.  Eden's sole cause of action is found in 29 U.S.C.

27      § 1132(a)(1)(A), which permits a party to bring suit for violations of

28      document disclosure rights, and Eden is suing solely for [Defendant's]

1    alleged refusal to supply documents to Eden in violation of 29 U.S.C.

2    § 1024(b)(4).  Eden's suit is not a suit 'to collect claims submitted on

3    [the participant's] behalf for health insurance benefits.'

4    The unambiguous language of the 'Assignment of Benefits and Rights;

5    Appointment of Administrative Representative,' uncontradicted by any

6    extrinsic evidence in the record, establishes that the Plan participants

7    never assigned to Eden the right to bring the present action.  Their

8    assignment is only effective during the administrative and legal

9    processes enumerated in the second sentence of their 'Assignment of

10   Benefits and Rights; Appointment of Administrative Representative.'

11   . . . This list does not include a suit for document disclosure violations.

12   To the extent that the Plan participants assigned to Eden the right to

13   bring claims under § 1132(c), that assignment is only effective during

14   suits 'necessary to collect claims . . . for health insurance benefits.'  The

15   assignment of § 1024[(b)] document disclosure rights and § 1132(c)

16   claims does not exist separate from suits to collect benefits.

17        As in Rudolph and Braun Medical, supra, the instant case involves a claim for

18   statutory penalties arising from an alleged failure to disclose the requisite

19   documents.  The Assignment of Benefits and Rights; Appointment of

20   Administrative Representative at issue in this case does permit the assignment of

21   this claim.  As such, Plaintiff has no standing in this case.

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

**B.    Even If Plaintiff Has Standing, Defendant Has Furnished To Plaintiff All Documents That Must Be Furnished Under The Statute, And No Penalties Are Due Under 29 U.S.C. § 1132(c).**

**1.    Only official plan documents must be furnished under 29 U.S.C. § 1024(b) or 1132(c)(1)B).**

Even if the Plaintiff has standing, which we dispute, the Defendant has already furnished to the Plaintiff all documents that must be furnished under ERISA. The ERISA document disclosure requirement is found in 29 U.S.C. § 1024(b)(4):

> "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. The administrator may make a reasonable charge to cover the cost of furnishing such complete copies.  The Secretary [of Labor] may by regulation prescribe the maximum amount which will constitute a reasonable charge under the preceding sentence."

It is undisputed that the Defendant has furnished to the Plaintiff all requested documents that come within the requirements of the statute.  Reich requested the summary plan description, plan document, administrative contract and any contract between Tenet, PacifiCare, United Health and Ingenix/Viant and any other relevant claims subsidiary, as well as any re-pricing or charge index data based utilized in created an adverse benefit determination of the instant claim.  Iba Decl., Exh. "D" at p. 357.  Tenet produced the Tenet Employee Benefit Plan, the PacifiCare - Tenet Contract (PPO Policy) & Summary Plan Description.  Iba Decl., ¶ 6, Exhs. "G" at p. 374, "I" at p. 378, and "J" at p. 381.

To the extent Plaintiff claims that other unofficial documents should have been produced, Plaintiff is mistaken.  Ancillary documents, such as unofficial

1  documents used to determine benefit levels in a particular case, are not required to

2  be furnished under 29 U.S.C. § 1024(b) or § 1132(c)(1)(B).  Shaver v. Operating

3  Engineers Local 428 Pension Trust Fund, 332 F.3d 1198 (9th Cir. 2003); Board of

4  Trustees of the CWA/ITU Negotiated Pension Plan v. Weinstein, 107 F.3d 139 (2nd

5  Cir. 1997).  Both cases analyzed the term "other instruments" and held that it refers

6  to formal documents that govern the plan and not all documents that may reference

7  how the plan conducts operations.

8         "Barring indicia to the contrary, the broad term 'other instruments,' should be

9  limited to the class of objects that specifically precedes it.  Shaver, 332 F.3d at 1202.

10 The statute mentions only official legal documents, and the reference to "other

11 instruments" does not expand the type of documents to be furnished under 29 U.S.C.

12 § 1024(b).  Id.

13        Similarly, the Weinstein court stated that the "other instruments" clause was

14 meant to refer to formal documents that govern the plan, not to all documents by

15 means of which the plan conducts operations.  Weinstein, 107 F.3d at 143.

16 29 U.S.C. § 1024(b) requires the disclosure of only the documents described with

17 particularity in the statute and "other instruments" similar in nature.  Id.  Although a

18 document other than an official governing document may contain information about

19 a plan, the administrators are not bound by the document.  Weinstein, 107 F.3d at

20 144.  While such a document may describe various rights and obligations, it does

21 not establish those rights and obligations, and therefore is not a formal instrument

22 governing a plan's operations.  Id. at 144, 145.

23        Lastly, the penalty provisions should be construed strictly, and one is not to

24 be subjected to a penalty unless the words of the statute plainly impose it.

25 Commissioner v. Acker, 361 U.S. 87 (1959).  Therefore, the list of documents

26 required to be furnished under 29 U.S.C. § 1024(b) should be strictly construed, and

27 limited to official plan documents.  Any ancillary documents requested by the

28

1 | Plaintiff are not governed by 29 U.S.C. § 1024(b) or the penalty provision of 29

2 | U.S.C. § 1132(c)(1)(B).

3 | **2.**     **Any alleged failure to furnish documents described in 29**

4 | **C.F.R. § 2560.503-1 does not result in penalties.**

5 | The penalty for failure to disclose is found in 29 U.S.C. § 1132(c)(1)(B):

6 | "Any administrator . . . (B) who fails or refuses to comply with a request for

7 | any information which such administrator is required by this subchapter to furnish to

8 | a participant or beneficiary (unless such failure or refusal results from matters

9 | reasonably beyond the control of the administrator) by mailing the material

10 | requested to the last known address of the requesting participant or beneficiary

11 | within 30 days after such request may in the court's discretion be personally liable

12 | to such participant or beneficiary in the amount of up to $100 a day from the date of

13 | such failure or refusal, and the court may in its discretion order such other relief as it

14 | deems proper. . ."

15 | Even if the Plaintiff has standing, which we dispute, the penalty provision of

16 | 29 U.S.C. § 1132(c)(1)(B) applies only to documents required by statute, not to

17 | documents called for under the Code of Federal Regulations.  Plaintiff's allegation

18 | that the plan administrator failed to furnish documents described in 29 C.F.R.

19 | § 2560.503-1 does not result in statutory penalties under 29 U.S.C. § 1132(c).

20 | Penalty provisions should be construed strictly, and one is not to be subjected

21 | to a penalty unless the words of the statute plainly impose it.  <u>Commissioner v.</u>

22 | <u>Acker</u>, 361 U.S. 87 (1959).  29 U.S.C. § 1132(c)(1)(B) applies only to a request for

23 | information which is "required by this subchapter [Subchapter I of Chapter 18 of

24 | Title 29 of the United States Code]."  Since no reference is made in 29 U.S.C.

25 | § 1132(c)(1)(B) to requests for information described in regulations, the penalty

26 | provision should not apply to documents required only under regulations.  This is

27 | especially true where regulations are adopted after the penalty provision was

28 | enacted by Congress, and Congress has not shown an intent to extend the penalty to

1 | the new regulations.  The current provisions of 29 C.F.R. § 2560.503-1 were

2 | adopted in 2000, but Congress has not acted to extend the penalty provision of 29

3 | U.S.C. § 1132(c)(1)(B) to those regulations.

4 |       The Ninth Circuit recently affirmed a district court ruling, which held that

5 | "the statutory penalty authorized by 29 U.S.C. § 1132(c)(1) only applies where an

6 | administrator fails to provide information it is required to furnish by statute. See 29

7 | U.S.C. §§ 1132(c)(1) (stating, 'required by this subchapter to furnish'). The penalty

8 | does not apply where a duty to furnish documents is imposed only by regulation."

9 | Younkin v. Prudential Ins. Co., 2007 U.S. Dist. LEXIS 5376 (D. Mont. 2007), aff'd

10 | in part and rev'd in part on other grounds in Younkin v. Prudential Ins. Co., 288

11 | Fed. Appx. 344 (9th Cir. 2008).  A similar holding was reached in Fergus v. Standard

12 | Ins. Co., 27 F.Supp.2d 1247, 1252-1253 (D. Or. 1998).

13 |       Courts outside the Ninth Circuit have held that the penalty does not apply to

14 | information requests under the regulations.  The Third Circuit has held that plan

15 | administrators incur no personal liability under 29 U.S.C. § 1132(c)(1)(B) for failure

16 | to fulfill obligations imposed by 29 C.F.R. § 2560.503-1.  Groves v. Modified

17 | Retirement Plan for Hourly Paid Employees of the Johns Mansville Corp., 803 F.2d

18 | 109, 116 (3rd Cir. 1986).  Congress shall not be deemed to have authorized an

19 | administrative agency to decide what conduct should be penalized, unless Congress

20 | has expressly granted that power.  Id. at 117 (citing United States v. Eaton, 144 U.S.

21 | 677 (1892)).  Congress has not done so, and penalties should not be assessed for

22 | violations of 29 C.F.R. § 2560.503-1.  Groves, 803 F.2d at 118.  The Sixth Circuit

23 | has reached the same conclusion.  Stuhlreyer v. Armco, Inc., 12 F.3d 75, 79 (6th Cir.

24 | 1993).  The Seventh Circuit also agrees with this holding.  Wilczynski v.

25 | Lumbermens Mutual Casualty Co., 93 F.3d 397, 406-407 (7th Cir. 1996).  At least

26 | one district court from outside the Ninth Circuit also concurs.  Brucks v. Coca-Cola

27 | Co., 391 F.Supp.2d 1193, 1212 n.17 (N.D. Ga. 2005) (stating that if Congress

28 | intended for section 1132(c) to apply to the Department of Labor's regulations, it

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1   would have so indicated, instead of authorizing penalties only for violations of the

2   subchapter, by which it was referring to the ERISA statute).

3        Any reliance upon <u>Sgro v. Danone Waters</u>, 532 F.3d 940 (9th Cir. 2008), for

4   the proposition that "ERISA's remedies provision gives . . . a cause of action to sue

5   a plan 'administrator' who doesn't comply with a 'request for . . . information'" is

6   misplaced.  In <u>Sgro</u>, the court excluded the key words "which such administrator is

7   required by this subchapter to furnish" in its quoted language from 29 U.S.C.

8   § 1132(c)(1).  Since the court dismissed the claim for failure to specify which

9   defendant the documents were requested from, the court did not analyze the

10   language of 29 U.S.C. § 1132(c)(1)(B) which limits the penalty to information

11   "required by this subchapter," and its single sentence on the subject should be

12   considered dicta.

13        The Plaintiff claims entitlement to documents under regulations set forth in 29

14   C.F.R. § 2560.503-1.  However, those regulations contain a specific remedy for

15   failure to furnish documents required thereunder, and it does not include a monetary

16   penalty.  If such a failure occurs, the claimant is deemed to have exhausted the

17   administrative remedies available under the plan and shall be entitled to sue for

18   benefits and receive a *de novo* judicial review.  29 C.F.R. § 2560.503-1(l); 65 F.R.

19   70246, 70256 (Nov. 21, 2000).

20        For these reasons, an alleged failure to furnish documents described in 29

21   C.F.R. § 2560.503-1 does not result in statutory penalties under 29 U.S.C.

22   § 1132(c).

23   **C.**     <u>**No Statutory Penalties Are Warranted Under The Facts Of This**</u>

24         <u>**Case.**</u>

25       **1.**     <u>**The Court has authority to decline to impose penalties.**</u>

26        A district court has absolute discretion to decline to impose civil penalties,

27   even if it finds that a plan administrator failed to provide a participant or beneficiary

28   with plan documents.  <u>Graeber v. Hewlett Packard Income Protection Plan</u>, 281 Fed.

1  Appx. 679, 681 (9th Cir. 2008); 29 U.S.C. § 1132(c).  In determining whether to

2  impose civil penalties, good faith and the lack of actual harm may be mitigating

3  factors.  Paris v. F. Korbel & Bros., Inc., 751 F.Supp. 834, 840 (N.D. Cal. 1990).  A

4  district court did not abuse its discretion by not assessing penalties where the record

5  showed that the plan administrator made a good faith effort to comply with a

6  participant's or beneficiary's request for documents.  Graeber, 281 Fed. Appx. at

7  681.

8         It is undisputed in this case that the Defendant furnished to the Plaintiff the

9  Tenet Employee Benefit Plan, the PacifiCare Certificate of Coverage, and the

10 PacifiCare Schedule of Benefits after receiving a written request from the Plaintiff.

11 The Defendant believes in good faith, which is supported by substantial legal

12 authority, as set forth herein, that all instruments under which the plan is established

13 or operated have been furnished to the Plaintiff, and no other documents are

14 required.

15              **2.     There is no liability for a failure to produce documents**

16                      **outside of Defendant's control.**

17         29 U.S.C. § 1132(c)(1) provides that there is no liability for failure to comply

18 with a request for information if such failure results from matters reasonably beyond

19 the control of the administrator.  To the extent that the Plaintiff has requested

20 ancillary documents that are not required by the statute and are not official plan

21 documents, such documents are confidential, proprietary information that PacifiCare

22 will not provide.  As such, they are outside the Defendant's control, and no penalties

23 should be assessed under 29 U.S.C. § 1132(c)(1).

24

25

26

27

28

1   **IV.**     <u>**CONCLUSION.**</u>

2         Based on the foregoing, Tenet Benefits Administration Committee

3   respectfully requests that its Motion for Summary Judgment be granted in its

4   entirety.

5   Dated:  April 21, 2010            ALLEN MATKINS LECK GAMBLE
                                             MALLORY & NATSIS LLP

6                                          SAMUEL H. STEIN
                                       MONICA M. QUINN

7

8                                By: _____ */s/ - Monica M. Quinn* _____

9                                          MONICA M. QUINN
                                       Attorneys for Defendant
                                       TENET BENEFITS

10                                         ADMINISTRATION COMMITTEE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28