1  MONICA M. QUINN (BAR NO. 198332)
   ALLEN MATKINS LECK GAMBLE
2    MALLORY & NATSIS LLP
   515 South Figueroa Street, Ninth Floor
3  Los Angeles, California 90071-3309
   Phone:  (213) 622-5555
4  Fax:  (213) 620-8816
   E-Mail:  mquinn@allenmatkins.com
5
   SAMUEL H. STEIN (BAR NO. 144117)
6  ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
   1901 Avenue of the Stars, Suite 1800
7  Los Angeles, California 90067-6019
   Phone:  (310) 788-2400
8  Fax:  (310) 788-2410
   E-Mail:  sstein@allenmatkins.com
9
   Attorneys for Defendant
10 TENET BENEFITS ADMINISTRATION
   COMMITTEE
11
12              UNITED STATES DISTRICT COURT
13              CENTRAL DISTRICT OF CALIFORNIA
14

| | |
|---|---|
| 15 EDEN SURGICAL CENTER, a California medical corporation, | Case No. CV09 07156 FMO |
| 16 Plaintiff, | **DEFENDANT TENET BENEFITS ADMINISTRATION COMMITTEE'S EVIDENTIARY OBJECTIONS TO DECLARATION OF LAURENCE REICH FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| 17 vs. | |
| 18 TENET HEALTHCARE CORPORATION, C/O TENET BENEFITS ADMINISTRATION COMMITTEE, in its capacity as plan administrator; TENET BENEFITS ADMINISTRATION COMMITTEE, | |
| 19 | |
| 20 | Date:      June 2, 2010 |
| 21 | Time:      10:00 a.m. |
| 22 Defendants. | Place:     Courtroom F |

23
24
25
26
27
28

Defendant Tenet Benefits Administration Committee hereby objects to the Declaration of Laurence Reich submitted in support of Plaintiff's Motion for Summary Judgment, as follows:

**SPECIFIC OBJECTIONS**

| OBJECTIONABLE STATEMENT | BASIS FOR OBJECTION |
|---|---|
| ¶ 10, p. 3, lns. 20-22 ("To accomplish this, I called PC and confirmed with PC's customer service representative that the Plan Participant was covered under the Plan for medical services with an out-of-network provider such as Eden.") | (1) Hearsay (FRE 802). |
| ¶ 11, p. 3, lns. 23-26 ("By verifying and determining the terms of coverage under the Plan for the Plan Participant with PC, I confirmed that medical coverage existed for the planned surgery, and that Eden's anticipated reimbursement was consistent with the manner in which Eden is usually reimbursed for such procedures.") | (1) Improper Opinion Testimony (FRE 602, 701, 702, 704); (2) Lacks Foundation (FRE 104). |
| ¶ 12, p. 3, lns. 27-28 ("Prior to receiving medical services from Eden, the Plan Participant assigned her benefits and ERISA representative rights under the Plan to Eden.") | (1) Best Evidence/Document speaks for itself (FRE 1002); (2) Improper Opinion Testimony/Legal Conclusion (FRE 602, 701, 702, 704). |
| ¶ 16, p. 4, lns. 18-20 ("I promptly informed PC that Eden would provide | (1) Best Evidence/Document speaks for itself (FRE 1002); (2) Hearsay (FRE |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | whatever additional information the Plan required to process Eden's Claim, and requested clarification as to which materials the Plan sought.") | 802). |
| 5<br>6<br>7<br>8<br>9<br>10<br>11 | ¶ 17, p. 4, lns. 23-25 ("PC subsequently identified certain additional documentation and information regarding the subject medical procedure (the "Additional Medical Information") that it deemed necessary to process Eden's Claim.") | (1) Best Evidence/Document speaks for itself (FRE 1002); (2) Hearsay (FRE 802); (3) Vague and ambiguous (FRE 611(a)). |
| 12<br>13<br>14<br>15<br>16 | ¶ 18, p. 5, lns. 1-2 ("On December 11, 2006, Eden sent the Additional Medical Information to Ms. Markle.") | (1) Best Evidence/Document speaks for itself (FRE 1002); (2) Hearsay (FRE 802); (3) Vague and ambiguous (FRE 611(a)). |
| 17<br>18<br>19<br>20<br>21<br>22 | ¶ 19, p. 5, lns. 4-6 ("On December 11, 2006, Ms. Markle confirmed her receipt of the Additional Medical Information in writing and that the materials would be forwarded to PC's claims department for review.") | (1) Best Evidence/Document speaks for itself (FRE 1002); (2) Hearsay (FRE 802); (3) Vague and ambiguous (FRE 611(a)). |
| 23<br>24<br>25<br>26 | ¶ 22, p. 5, lns. 11-12 ("In February of 2007, I contacted the Plan and PC regarding the Plan's failure to process Eden's Claim.") | (1) Best Evidence/Document speaks for itself (FRE 1002); (2) Hearsay (FRE 802); (3) Vague and ambiguous (FRE 611(a)). |
| 27<br>28 | ¶ 22, p. 5, lns.13-16 ("In response, PC once again requested Eden forward the | (1) Best Evidence/Document speaks for itself (FRE 1002); (2) Hearsay (FRE |

| | |
|---|---|
| Additional Medical Information to assist with processing Eden's Claim.  I immediately complied with this request and forwarded the Additional Medical Information to the Plan and to PC for the second time.") | 802); (3) Vague and ambiguous (FRE 611(a)). |
| ¶ 23, p. 5, lns. 19-20 ("Thereafter, Tenet and PC failed and refused to provide any information or otherwise communicate with Eden regarding the status of Eden's Claim.") | (1) Lacks Foundation (FRE 104). |
| ¶ 26, p. 6, lns. 1-6 ("Tenet responded to Eden's disclosure demand with yet another request for the Additional Medical Information that Eden had previously provided PC and the Plan in December 2006 and February 2007.  I therefore provided Tenet and PC with copies of the Additional Medical Information for the third time, along with confirmation that these materials were provided to Ms. Markle of PC in December 2006 and February 2007.") | (1) Best Evidence/Document speaks for itself (FRE 1002); (2) Hearsay (FRE 802); (3) Vague and ambiguous (FRE 611(a)). |
| ¶ 27, p. 6, lns. 9-14 ("In response to Eden's disclosure demand, Tenet produced the Tenet Employee Benefit Plan, As Amended and Restated Effective | (1) Best Evidence/Document speaks for itself (FRE 1002); (2) Hearsay (FRE 802); (3) Vague and ambiguous (FRE 611(a)); (4) Improper Opinion |

| | |
|---|---|
| July 1, 2007 (the "Master Plan Document"), PC's Certificate of Coverage (the "Certificate"), PC's Schedule of Benefits, and certain miscellaneous unidentified materials (collectively, "Tenet's Disclosures").  Tenet failed and refused to produce any additional documents.") | Testimony/Legal Conclusion (FRE 602, 701, 702, 704). |
| ¶ 28, p. 6, lns. 19-21 ("Tenet failed to provide adequate notice of this adverse benefit determination, as required by 29 C.F.R. § 2560-501 paragraph (h).  Indeed, the Plan provided no meaningful explanation of the basis of this denial.") | (1) Improper Opinion Testimony/Legal Conclusion (FRE 602, 701, 702, 704); (2) Lacks Foundation (FRE 104). |
| ¶ 29, p. 6, lns. 22-28 ("Similarly, Tenet's Disclosures fail to explain how Eden's Claim was reviewed and evaluated, or how the August 25, 2009, adverse benefit determination was made.  Tenet failed and refused to disclose documents relating to the processing of Eden's Claim that would allow Eden to understand the alleged ineligibility and denial notice.  Eden was therefore denied the opportunity to know exactly where it stands with respect to the Plan and the processing of the August 25, 2009, adverse benefit determination.") | (1) Improper Opinion Testimony/Legal Conclusion (FRE 602, 701, 702, 704); (2) Lacks Foundation (FRE 104). |

| | |
|---|---|
| ¶ 30, p. 7, lns. 1-11 ("Shortly thereafter I contacted Sheila Manangquil at PC, with whom I had previously discussed the status of Eden's Claim, and asked her to explain the August 25, 2009, adverse benefit determination.  My understanding from our discussion was that the EOB meant Eden's Claim was not filed in a timely manner and therefore was denied.  I reminded Ms. Manangquil that the claim was filed in 2006.  Further, I asked Ms. Manangquil to produce any and all documents regarding this decision and information on who made it, but my understanding from her response was that no additional information would be forthcoming, and that Eden should file a complaint with the California Department of Insurance.  Collectively attached to the Compendium as Exhibit "16" are true and correct copies of my August 5, 2009, and August 10, 2009, emails to Ms. Manangquil regarding Eden's Claim.") | (1) Hearsay (FRE 802); (2) Best Evidence/Document speaks for itself (FRE 1002). |
| ¶ 31, p. 7, lns. 12-14 ("Tenet never, at any point in time before the commencement of this litigation, informed Eden that it was potentially barred from pursuing payment | (1) Hearsay (FRE 802). |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

| | |
|---|---|
| on Eden's Claim by an anti-assignment provision.") | |

Dated:  May 12, 2010

ALLEN MATKINS LECK GAMBLE
 MALLORY & NATSIS LLP
SAMUEL H. STEIN
MONICA M. QUINN


By:       */s/ - Monica M. Quinn*
MONICA M. QUINN
Attorneys for Defendant
TENET BENEFITS
ADMINISTRATION COMMITTEE