1  MONICA M. QUINN (BAR NO. 198332)
   ALLEN MATKINS LECK GAMBLE
2     MALLORY & NATSIS LLP
   515 South Figueroa Street, Ninth Floor
3  Los Angeles, California 90071-3309
   Phone: (213) 622-5555
4  Fax: (213) 620-8816
   E-Mail: mquinn@allenmatkins.com
5
   SAMUEL H. STEIN (BAR NO. 144117)
6  ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
   1901 Avenue of the Stars, Suite 1800
7  Los Angeles, California 90067-6019
   Phone: (310) 788-2400
8  Fax: (310) 788-2410
   E-Mail: sstein@allenmatkins.com
9
   Attorneys for Defendant
10 TENET BENEFITS ADMINISTRATION
   COMMITTEE
11

12                   UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14

15 EDEN SURGICAL CENTER, a            Case No. CV09 07156 FMO
   California medical corporation,
16                                    **REPLY MEMORANDUM OF**
              Plaintiff,              **POINTS AND AUTHORITIES IN**
17                                    **SUPPORT OF MOTION FOR**
           vs.                       **SUMMARY JUDGMENT OF**
18                                    **DEFENDANT TENET BENEFITS**
   TENET HEALTHCARE                   **ADMINISTRATION COMMITTEE**
19 CORPORATION, C/O TENET
   BENEFITS ADMINISTRATION
20 COMMITTEE, in its capacity as plan  Date:     June 2, 2010
   administrator; TENET BENEFITS      Time:     10:00 a.m.
21 ADMINISTRATION COMMITTEE,          Place:    Courtroom F

22            Defendants.

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ......................................................................... 1

II.     FACTUAL SUMMARY ............................................................... 2

III.    ARGUMENT AND AUTHORITIES........................................... 3

    A.      Plaintiff Does Not Have Standing ......................................... 3

        1.      Plaintiff does not have standing under 29 U.S.C. § 1132(a)(1)(A) ............................................................... 3

        2.      The Plan document and certificate are not contradictory; both prohibit assignment of disclosure rights ............................................................ 5

        3.      The Plan documents bar the assignment of disclosure rights ............................................................ 9

        4.      No assignment of document disclosure rights was executed by the Patient to Plaintiff ........................... 10

    B.      Tenet Disclosed all Records, Documents and Information Required by Statute and Regulation ................................... 14

        1.      Tenet disclosed all required documents ................................... 14

        2.      Tenet complied with 29 C.F.R. § 2560.503-1 ........................... 16

        3.      No penalties should be awarded ........................... 18

IV.     CONCLUSION .............................................................................. 20

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

<u>Cases</u>

4

<u>Alexander Mfg., Inc. Employee Stock Ownership Plan and Trust v.</u>

5

   <u>Illinois Union Insurance Co.,</u>
   560 F.3d 984 (9th Cir. 2009) ...........................................................................7

6

7

<u>Banuelos v. Construction Laborers' Trust Funds,</u>
   382 F.3d 897 (9th Cir. 2004) ......................................................................... 10

8

9

<u>Bergt v. Retirement Plan for Pilots Employed by MarkAir, Inc.,</u>
   293 F.3d 1139 (9th Cir. 2002) ........................................................................7

10

11

<u>Booton v. Lockheed Med. Benefit Plan,</u>
   110 F.3d 1461 (9th Cir. 1997) ......................................................... 15, 16, 18

12

13

<u>Brucks v. Coca-Cola Co.,</u>
   391 F.Supp.2d 1193 (N.D. Ga. 2005).............................................................. 18

14

15

<u>Charter Canyon Treatment Ctr. v. Pool Co.,</u>
   153 F.3d 1132 (10th Cir. 1998) ......................................................................9

16

17

<u>Commissioner v. Acker,</u>
   361 U.S. 87 (1959)............................................................................................. 16

18

19

<u>Crotty v. Cook,</u>
   121 F.3d 541 (9th Cir. 1997) ........................................................................ 15

20

21

<u>Davidowitz v. Delta Dental Plan of California, Inc.,</u>
   946 F.2d 1476 (9th Cir. 1991) ............................................................... 4, 5, 9

22

23

<u>Fergus v. Standard Ins. Co.,</u>
   27 F.Supp.2d 1247 (D. Or. 1998) .................................................................... 17

24

25

<u>Gallarde v. Immigration and Naturalization Service,</u>
   486 F.3d 1136 (9th Cir. 2007) ...................................................................... 16

26

<u>Graeber v. Hewlett Packard Income Protection Plan,</u>
   281 Fed. Appx. 679 (9th Cir. 2008).......................................................... 18, 19

27

28

Page(s)

Groves v. Modified Retirement Plan for Hourly Paid Employees of the
 Johns Mansville Corp.,
 803 F.2d 109 (3rd Cir. 1986) .......................................................................... 17

Hermann Hospital v. MEBA Medical & Benefits Plan,
 959 F.2d 569 (5th Cir. 1992) ..........................................................................9

Horton v. Phoenix Fuels, Co.,
 611 F.Supp.2d 977 (D. Ariz. 2009) ...............................................................8

Jensen v. SIPCO, Inc.,
 38 F.3d 945 (8th Cir. 1994) ...........................................................................8

Johnson v. Buckley,
 356 F.2d 1067 (9th Cir. 2004) ................................................................. 4, 19

Kentucky Ass'n of Health Plans, Inc. v. Miller,
 538 U.S. 329 (2003) ..................................................................................... 14

LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores,
 Inc.,
 298 F.3d 348 (5th Cir. 2002) ..........................................................................4

Lutheran Medical Center v. Contractors Health Plan,
 25 F.3d 616 (8th Cir. 1994) ............................................................................9

Martin v. Blue Cross & Blue Shield of Va., Inc.,
 115 F.3d 1201 (4th Cir. 1997) .......................................................................8

Massachusetts Mutual Life Insurance Co. v. Russell,
 473 U.S. 134 (1985) ..................................................................................... 14

Mers v. Marriott Int'l Group Accidental Death and Dismemberment
 Plan,
 144 F.3d 1014 (7th Cir. 1998) .......................................................................8

Misic v. Building Service Employees Health and Welfare Trust,
 789 F.2d 1374 (9th Cir. 1986) .......................................................................3

Mondry v. American Family Mutual Insurance Co.,
 557 F.3d 781 (7th Cir. 2009) ...................................................................... 15

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1                                                                    **Page(s)**

2   Moothart v. Bell,
3        21 F.3d 1499 (10th Cir. 1994) ................................................................ 19

4   Moran v. Aetna Life Insurance Co.,
5        872 F.2d 296 (9th Cir. 1989) ................................................................. 10

6   Paris v. F. Korbel & Bros., Inc.,
7        751 F.Supp. 834 (N.D. Cal. 1990) ......................................................... 19

8   Pisciotta v. Teledyne Industries, Inc.,
9        91 F.3d 1326 (9th Cir. 1996) ................................................................... 5

10  Sgro v. Danone Waters,
         532 F.3d 940 (9th Cir. 2008) ......................................................... 15, 18
11

12  Sprague v. Gen. Motors Corp.,
         133 F.3d 388 (6th Cir. 1998) .................................................................. 8
13

14  Stone v. Travelers Corp.,
         58 F.3d 434 (9th Cir. 1995) .................................................................. 15
15

16  Stuhlreyer v. Armco, Inc.,
         12 F.3d 75 (6th Cir. 1993) .................................................................... 17
17

18  United States v. Eaton,
         144 U.S. 677 (1892) ............................................................................ 17
19

20  Wilczynski v. Lumbermens Mutual Casualty Co.,
         93 F.3d 397 (7th Cir. 1996) .................................................................. 17
21

22  Wise v. El Paso Natural Gas Co.,
         986 F.2d 929 (5th Cir. 1993) .................................................................. 8
23

24  Younkin v. Prudential Ins. Co.,
         2007 U.S. Dist. LEXIS 5376 (D. Mont. 2007) ...................................... 17
25

26  Younkin v. Prudential Ins. Co.,
         288 Fed. Appx. 344 (9th Cir. 2008) ...................................................... 17

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

660774.03/WLA

1

**Page(s)**

2 **Statutes**

3 29 U.S.C. § 1024 ....................................................................................... 15, 16

4 29 U.S.C. § 1133 ......................................................................................... 5, 11

5 29 U.S.C. § 1144 ............................................................................................ 14

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

660774.03/WLA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Plaintiff Eden Surgical Center suggests that Tenet Benefits Administration Committee bears responsibility for the denial of the Patient's claim for benefits submitted by Eden and thus, statutory penalties should be awarded to Eden. However, Tenet was not responsible for the denial of the Patient's claim for benefits.  Plaintiff's claim was denied due to Eden's failure to submit the requisite information in a timely manner.

Moreover, the denial of Eden's claim is not at issue here.  The issue is whether Eden was assigned the right by the Patient to request from Tenet disclosure of documents, and assuming that right was assigned, whether or not Tenet provided the documents required under 29 U.S.C. § 1024(b)(4).

As a preliminary matter, Plaintiff lacks standing as neither the Tenet Employee Benefit Plan, the PacifiCare-Tenet Contract (PPO Policy), Summary Plan Description, or assignment form executed by the Patient allow for the assignment of document disclosure rights from the Patient to Eden Surgical Center.  Moreover, even if Plaintiff had standing because such an assignment was permissible under the documents, Tenet has disclosed all documents it was required to disclose under the statute.

This is nothing more than Eden's attempt to utilize a document disclosure claim against Tenet as leverage to obtain payment on its improperly submitted claim from PacifiCare.  Such transparent motives should not be rewarded, and Tenet's motion for summary judgment should be granted.

1  **II.**     **FACTUAL SUMMARY.**

2          Tenet Benefits Administration Committee is the administrator of the Tenet

3  Employee Benefit Plan.  Iba Decl., Exh. "A" at p. 57.[1]  PacifiCare is the insurance

4  carrier and claims administrator of the Plan.  Id., at ¶ 3.

5          No documents exist which evidence an assignment of document disclosure

6  rights from the Patient to Eden Surgical Center.  Section 18.4 of the Tenet Employee

7  Benefit Plan contains a prohibition against assignments:  "[N]o interest in or benefit

8  payable under the Plan will be subject in any manner to . . . assignment . . . ."  Iba

9  Decl., Exh. "A" at p. 76.  The PacifiCare-Tenet Contract (PPO Policy) and

10  Summary Plan Description also contains a prohibition against assignments, except

11  for "covered expenses" which would not include any document disclosure rights.

12  Id., Exh. "B" at p. 216; Exh. "C" at p. 306.  Lastly, the assignment executed by the

13  Patient to Eden Surgical Center only applies to the following three situations:  (1) an

14  administrative claims process; (2) any appeal or review process for a denied claim;

15  or (3) any legal process, necessary to collect claims submitted for health insurance

16  benefits.  Id., Exh. "K."  None of these situations are applicable to this situation – a

17  claim regarding document disclosure rights.

18          Contrary to Plaintiff's factual assertions, Tenet did not issue a denial of a

19  benefit of the Patient's claim.  Such denial was issued by PacifiCare.  And, the

20  reasons for the denials by PacifiCare, not Tenet, are readily apparent.  In November

21  2006, PacifiCare issued an Explanation of Benefits denying payment on Eden's

22  claim, alleging that the "[c]laim was closed due to lack of response to prior request

23  for additional information.  Services will be considered and patientation [sic]

24  responsibility calculated when information is received."  See EDEN MSJ 003-004,

25  attached to Eden Surgical Center's Compendium of Exhibits filed concurrently with

26  Eden's Motion for Summary Judgment on April 21, 2010.  In December 2006,

27

28  [1]  See Iba Declaration submitted concurrently with Tenet's Motion for Summary
       Judgment on April 21, 2010.

1  PacifiCare informed Eden that "we have determined that although we are in receipt

2  of the medical records submitted by your office, we are still in need of a corrected

3  billing with the CPT codes of the services performed." EDEN MSJ 012. In August

4  2009, PacifiCare issued an adverse benefit determination that the Patient's claim

5  was ineligible because "claims must be submitted within the timely filing limit in

6  order to be paid." EDEN MSJ 042. Eden was not denied any opportunity to know

7  the status or reasons for the adverse benefit determinations.

8     This litigation is nothing more than another attempt by Eden Surgical Center

9  to obtain reimbursement on PacifiCare's denial of the Patient's claim.

10  **III.   ARGUMENT AND AUTHORITIES.**

11      **A.   Plaintiff Does Not Have Standing.**

12     The Plaintiff alleges, without citing any authority, that Tenet waived its right

13  to rely on the Plan's anti-assignment provision as a defense in this lawsuit seeking

14  statutory penalties for alleged document disclosure violations. There has been no

15  prior claim for statutory penalties, and, therefore, no prior opportunity to raise the

16  anti-assignment defense. As such, there has been no waiver of that defense.

17     The Plaintiff has not sued to recover plan benefits. An administrative claim

18  for plan benefits (which would be paid by PacifiCare, if benefits were due under the

19  Plan) cannot cause a waiver by a different party (Tenet) related to a completely

20  different cause of action for statutory document disclosures penalties.

21          **1.   Plaintiff does not have standing under 29 U.S.C. §**

22              **1132(a)(1)(A).**

23     The Ninth Circuit has never allowed standing to an assignee of a plan

24  participant under 29 USC § 1132(a)(1)(A). The Plaintiff cites a case where standing

25  was granted in a claim for benefits under 29 USC § 1132(a)(1)(B), but the plan in

26  that case did not include an anti-assignment provision. See Misic v. Building

27  Service Employees Health and Welfare Trust, 789 F.2d 1374 (9th Cir. 1986). The

28  Ninth Circuit distinguished the Misic case, and held that assignments are not

1  permitted where the plan document contains an anti-assignment provision.

2  <u>Davidowitz v. Delta Dental Plan of California, Inc.</u>, 946 F.2d 1476 (9th Cir. 1991).

3      Curiously, the Plaintiff attacks the <u>Davidowitz</u> decision as being "outdated,"

4  even though the <u>Davidowitz</u> case is more current than the <u>Misic</u> case or any other

5  case cited by the Plaintiff, in its misguided attempt to avoid the holding in the

6  binding decision issued in the <u>Davidowitz</u> case.

7      The Plaintiff also lacks standing to sue for document disclosure violations

8  because the Plaintiff does not have a colorable claim for benefits.  <u>See Johnson v.</u>

9  <u>Buckley</u>, 356 F.2d 1067, 1077 (9th Cir. 2004).  Plaintiff suggests that it does not

10  need a colorable claim for benefits because it is not a former employee as the

11  plaintiffs were in <u>Johnson</u>.  The Plaintiff's incomprehensible position is that an

12  assignee has greater rights than a current or former employee, and therefore is not

13  required to have a colorable claim for benefits to bring a suit for document

14  disclosure violations.  Of course, the Plaintiff cites no authority for this position.

15      The Plaintiff also attempts to distinguish another case where an assignee was

16  denied standing to sue for Plan benefits.  <u>See LeTourneau Lifelike Orthotics &</u>

17  <u>Prosthetics, Inc. v. Wal-Mart Stores, Inc.</u>, 298 F.3d 348 (5th Cir. 2002).  Initially, it

18  should be noted that <u>LeTourneau</u> does not grant standing to sue for document

19  disclosure violations.  Furthermore, that case is compelling in that a medical

20  provider was denied standing to sue for benefits even though the medical provider

21  had previously been paid by the plan for other services furnished to the same plan

22  participant.  <u>Id</u>.  This strengthens Tenet's argument that, even in plans that permit

23  assignments of plan benefits, the assignment does not extend to other matters such

24  as alleged disclosure violations or payments of claims for disputed amounts.

25      The Patient did not assign her document disclosure rights to Plaintiff.  The

26  "right to assert ALL causes of action for judicial review" applies "if my claim for

27  benefits is administratively denied in whole or in part . . . ."  Since Plaintiff is not

28  seeking judicial review of a denied claim, the assignment does not apply to this case

1  brought under § 1132(a)(1)(A) for statutory penalties for alleged disclosure

2  violations.  Furthermore, the assignment of relief as a "claimant" under § 1132(c) is

3  ineffective since 29 U.S.C. § 1132(c) does not use the word "claimant."  The

4  regulations under 29 U.S.C. § 1133 use the word "claimant" in the context of benefit

5  claims and appeals.  As such, the assignment form relates only to benefits claims,

6  which is consistent with the remainder of the form.

7          **2.**   **The Plan document and certificate are not contradictory;**

8                **both prohibit assignment of disclosure rights.**

9       The broad anti-assignment provision in Section 18.4 of the Tenet Employee

10  Benefit Plan[2] is controlling, as set forth in the Ninth Circuit decision in the

11  Davidowitz case, supra.  Section 18.4 of the Tenet Employee Benefit Plan states, in

12  relevant part:

13       "[N]o interest in or benefit payable under the Plan will be subject in any

14  manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance,

15  or charge, and any attempt by a Covered Person to anticipate, alienate, sell, transfer,

16  assign, pledge, encumber, or charge the same will be void and of no effect; nor will

17  any interest in or benefit payable under the Plan be in any way subject to any legal

18  or equitable process, including garnishment, attachment, levy, seizure, or lien."

19       Since no interest in or benefit payable under the plan may be assigned,

20  Plaintiff lacks standing to sue.

21       It is not necessary to refer to insurance certificate language to interpret this

22  clear language of the governing plan document because insurance certificates are

23  not considered part of the official plan documents.  Pisciotta v. Teledyne Industries,

24  Inc., 91 F.3d 1326 (9th Cir. 1996).  Even if the insurance certificate were to be

25  

26  [2]  Page 4 of the Plaintiff's Opposition claims that the Plan document disclosed by
    Tenet is not appropriate because it was published more than six months after

27      Eden's claim was submitted in 2006.  However, this lawsuit does not involve a
    claim for plan benefits.  It involves only a request for plan documents that was

28      made in 2009.  Therefore, the anti-assignment provision in the Tenet Employee
    Benefit Plan does apply to the document request at issue in this case.

1  construed as an official summary plan description, the disclaimer in the insurance
2  certificate puts plan participants on notice that the official plan document is
3  controlling.  Id. at p. 1331.  Therefore, the broad anti-assignment provision in
4  Section 18.4 of the Tenet Employee Benefit Plan is controlling, and the Plaintiff
5  lacks standing to sue.

6       The Plaintiff alleges that the disclaimer in the insurance certificate is
7  ambiguous, which is not the case.  The disclaimer clearly states that it only describes
8  the terms of the health plan, and that the official document is available upon request.
9  The Plaintiff requested and received the official plan document, and cannot now
10  claim that it is unaware of the terms of the official plan document.

11      Even if the insurance certificate and Plan document were to be construed
12  together, as the Plaintiff suggests, those documents clearly prohibit assignment of
13  document disclosure rights.  When read together, the Plan document and the
14  insurance certificate clearly prohibit all assignments except for "[b]enefits for
15  Covered Expenses".

16      It should be noted that the Plaintiff has omitted a key sentence from its quote
17  of the Insurance Certificate language on page 10 of its Opposition.  The second
18  sentence quoted below, which provides that disputed benefits may not be assigned,
19  was omitted by the Plaintiff:

20          "Benefits for Covered Expenses may be assigned by the Covered
21          Person to the person or institution rendering the services.  No such
22          assignment will bind the Company prior to the payment of the benefits
23          assigned.  The Company will not be responsible for determining an
24          assignment's validity . . . ."  Iba Decl., Exh. "B" at p. 216, Exh. "C" at
25          p. 306.

26      The language of the governing plan documents clearly prohibit assignment of
27  document disclosure violations.  As such, the Plaintiff has no standing to sue.  The
28  cases cited by the Plaintiff to attempt to overcome this clear conclusion do not apply

1   to this case.  <u>Alexander Mfg., Inc. Employee Stock Ownership Plan and Trust v.</u>

2   <u>Illinois Union Insurance Co.</u>, 560 F.3d 984 (9th Cir. 2009), analyzes Oregon

3   insurance law, which is not relevant to this ERISA case.  Furthermore, <u>Bergt v.</u>

4   <u>Retirement Plan for Pilots Employed by MarkAir, Inc.</u>, 293 F.3d 1139 (9th Cir.

5   2002), is inapposite since it involves a plan document that conflicts with a summary

6   plan description.

7        In <u>Bergt</u>, the Court stated that "[t]he initial issue is whether the provisions of

8   the plan master document are ambiguous, which would justify the Committee's use

9   of extrinsic evidence to determine whether Bergt was eligible to participate in the

10  retirement plan." <u>Bergt</u>, 293 F.3d at 1143.  The Court found the plan master

11  document unambiguous and controlling.  <u>Id.</u> at 1143, 1145.

12       The remainder of the <u>Bergt</u> opinion does not apply to the present action

13  because the plan document and plan summary at issue in the present action do not

14  conflict with each other.  In <u>Bergt</u>, the Court concluded that "when the plan master

15  document is more favorable to the employee than the SPD [summary plan

16  document], and unambiguously allows for eligibility of an employee, it controls,

17  despite contrary unambiguous provisions in the SPD." <u>Id.</u> at 1145.  "The plan

18  master document is the main document that specifies the terms of the plan, and

19  employees should be entitled to rely on its unambiguous provisions.  The SPD, on

20  the other hand, should simply summarize the relevant portions of the plan master

21  document." <u>Id.</u>  This is precisely what occurred in this case.

22       The Tenet Employee Benefit Plan clearly prohibits assignments of disputed

23  benefits or document disclosure rights.  The PacifiCare Insurance Certificate

24  summarizes the relevant portions of the plan document.  The Certificate could not be

25  expected to specify that document disclosure rights cannot be assigned since the

26  Ninth Circuit has never allowed such an assignment.  The Certificate clearly

27  provides that assignments are not valid unless PacifiCare agrees to make a payment

28  for covered expenses.  This is a summary of the relevant provisions of the plan

1  document, as required by <u>Bergt</u>.  The Plaintiff attempts to create ambiguity by

2  omitting a key sentence from its quote of the language of the Certificate, as

3  explained above.  However, no such ambiguity exists in this case.  Both the Tenet

4  Employee Benefit Plan and the PacifiCare Insurance Certificate unambiguously

5  prohibit assignments of disputed benefits and document disclosure rights.

6        This case is similar to <u>Horton v. Phoenix Fuels, Co.</u>, 611 F.Supp.2d 977 (D.

7  Ariz. 2009), where the court stated:

8        "In this case, Plaintiff's assertion that a conflict exists between the SPD and

9  the Booklet-Certificate is misguided. Unlike the situation in Banuelos and Bergt

10  where there was a direct conflict between the SPD and the master plan documents,

11  here the SPD is silent on the definition of earnings, while the master plan document

12  (Booklet-Certificate) includes an earnings definition. The circuits generally agree

13  that the same rule should not be invoked if no direct conflict exists or if the SPD is

14  silent on an issue that is described in the underlying policy. In these situations, the

15  master plan document is held to be controlling because it provides additional

16  clarification of the SPD. <u>See Martin v. Blue Cross & Blue Shield of Va., Inc.</u>, 115

17  F.3d 1201, 1205 (4th Cir. 1997) (concluding that underlying plan will control in

18  absence of conflict between SPD and plan); <u>Wise v. El Paso Natural Gas Co.</u>, 986

19  F.2d 929, 938 (5th Cir. 1993) ('While clear and unambiguous *statements* in the

20  summary plan description are binding, the same is not true of silence') (emphasis in

21  original); <u>Sprague v. Gen. Motors Corp.</u>, 133 F.3d 388, 401 (6th Cir. 1998) (en banc)

22  (holding that the rule that the SPD's terms control when they are in conflict with the

23  terms of the underlying plan does not apply when the SPD is silent because '[a]n

24  omission from the summary plan description does not, by negative implication, alter

25  the terms of the plan itself.'); <u>Mers v. Marriott Int'l Group Accidental Death and</u>

26  <u>Dismemberment Plan</u>, 144 F.3d 1014, 1023 (7th Cir. 1998) ('An SPD's silence on an

27  issue does not estop a plan from relying on the more detailed policy terms when no

28  direct conflict exist'); <u>Jensen v. SIPCO, Inc.</u>, 38 F.3d 945, 952 (8th Cir. 1994)

1  (holding that a SPD's silence does not override a specific provision in the

2  underlying plan); Charter Canyon Treatment Ctr. v. Pool Co., 153 F.3d 1132, 1136

3  (10th Cir. 1998) ('If the plan documents do not conflict, the important policy of

4  protecting beneficiaries from misleading or false information contained in a

5  summary plan description is not implicated.  Thus, a summary plan description

6  which is silent on a specific term or issue cannot prevail over the master plan

7  document.')."  Horton, 611 F.Supp.2d at 992.

8       Since the Tenet Employee Benefit Plan and the PacifiCare Insurance

9  Certificate do not conflict, the language of the Tenet Employee Benefit Plan is

10  controlling.

11       The language in Plaintiff's footnote 5 shows the Plaintiff's confusion between

12  a claim for benefits and a claim for statutory penalties.  The Plaintiff is not suing to

13  recover anything on behalf of the plan participant.  The Plaintiff is suing only to

14  attempt to recover statutory penalties on its own behalf.  The cases cited by the

15  Plaintiff relate to assignments of plan benefits, not assignments of document

16  disclosure violations.  Hermann Hospital v. MEBA Medical & Benefits Plan, 959

17  F.2d 569 (5th Cir. 1992); Lutheran Medical Center v. Contractors Health Plan, 25

18  F.3d 616 (8th Cir. 1994).  In any event, the Plaintiff ignores the binding decision of

19  the Ninth Circuit in the Davidowitz case, supra, which finds that anti-assignment

20  provisions in plan documents are binding.

21          **3.**    **The Plan documents bar the assignment of disclosure rights.**

22       As discussed above, the Plan documents contain a clear and broad anti-

23  assignment provision, which prevents the Plaintiff from having standing to sue in

24  this case.  Plaintiff claims that Judge Wilson's ruling in the B. Braun case

25  demonstrates that Tenet's Plan permitted the assignment of document disclosure

26  rights.  Even if this were the case, which Tenet disputes, document disclosure rights

27  were not assigned by the Patient pursuant to the purported assignment she executed.

28  Moreover, the anti-assignment provision in the B. Braun case is different from the

1  anti-assignment provision that is contained in the Tenet Plan.  The B. Braun

2  assignment states only that any "legal or beneficial interest in benefits under the

3  Plan" may not be assigned.  RJN, p. 13.  However, the Tenet Plan refers to "an

4  interest in or benefit payable" under the Plan.  Thus, neither a benefit payable OR an

5  interest in the Plan can be assigned.  Plaintiff's claim for document disclosure rights

6  would be an interest in the Plan. Iba Decl., Exh. A, p. 76.

7        The Plaintiff also misconstrues the Ninth Circuit decision in <u>Moran v. Aetna</u>

8  <u>Life Insurance Co.</u>, 872 F.2d 296 (9th Cir. 1989), when it asserts that such decision

9  permits a claim for disclosure violations that was brought without a claim for

10  benefits.  The <u>Moran</u> decision grants summary judgment against a plaintiff seeking

11  statutory penalties because the plaintiff brought suit against a party other than the

12  plan administrator.  <u>Id.</u>  The <u>Moran</u> decision does not permit a suit for statutory

13  penalties for alleged disclosure violations in a case where the plaintiff fails to

14  include a claim for benefits.  <u>Id.</u>

15        The Plaintiff misreads Ninth Circuit precedent when it claims that <u>Banuelos</u>

16  <u>v. Construction Laborers' Trust Funds</u>, 382 F.3d 897 (9th Cir. 2004), involves a case

17  with a material conflict between a plan document and a summary plan description.

18  That case involves two plan documents, one adopted prior to the plaintiff's

19  retirement, and one adopted after the plaintiff's retirement.  <u>Banuelos</u>, 382 F.3d 897

20  at 900-901.  That case does not include the holding asserted by the Plaintiff and is

21  not relevant to the present case.

22          **4.**    **<u>No assignment of document disclosure rights was executed by</u>**

23                    **<u>the Patient to Plaintiff.</u>**

24        Since the Ninth Circuit prohibits assignments in cases where the plan

25  document contains a non-assignment provision, and since the Ninth Circuit has

26  never allowed assignment of standing in a case involving an allegation of document

27  disclosure violations, the Plaintiff does not have standing to sue in this case.

28

1    Moreover, the assignment of rights in this case did not apply to document

2 disclosure rights.  The assignment executed by the Patient to Eden Surgical Center

3 only applies to the following three situations:  (1) an administrative claims process;

4 (2) any appeal or review process for a denied claim; or (3) any legal process,

5 necessary to collect claims submitted for health insurance benefits.  Iba Decl., Exh.

6 "K."

7    Plaintiff claims that the assignment executed by the Patient assigned the right

8 to pursue document disclosure.  Plaintiff is mistaken.  Plaintiff selectively quotes the

9 language from the assignment in an effort to bolster its case.  The "right to assert

10 ALL causes of action for judicial review" applies "if my claim for benefits is

11 administratively denied in whole or in part . . . ."  Since Plaintiff is not seeking

12 judicial review of a denied claim, the assignment does not apply to this case brought

13 under § 1132(a)(1)(A) for statutory penalties for alleged disclosure violations.

14 Furthermore, the assignment of relief as a "claimant" under § 1132(c) is ineffective

15 since 29 U.S.C. § 1132(c) does not use the word "claimant."  The regulations under

16 29 U.S.C. § 1133 use the word "claimant" in the context of benefit claims and

17 appeals.  As such, the assignment form relates only to benefits claims, which is

18 consistent with the remainder of the form and persuasive analysis from the cases

19 described below.

20    As this court has recently ruled in two virtually identical cases brought by the

21 same Plaintiff (both of which are currently on appeal before the Ninth Circuit[3]), the

22 assignment form executed by the plan beneficiary did not assign to the Plaintiff the

23 right to request plan documents, and, therefore, the Plaintiff has no standing to sue.

24 See Eden Surgical Center v. Rudolph Foods Company, Inc., CV 09-3060 SVW

25 (MANx) (C.D. Cal. Sept. 10, 2009); Eden Surgical Center v. B. Braun Medical,

26

27  [3]  Plaintiff makes much of the fact that the Orders were appealed to the Ninth
     Circuit.  Of course, Plaintiff is that one that appealed the Orders.  Moreover,
28   Plaintiff's appeal does not translate into any indication by the Court that the
     reasoning contained in such Orders is invalid.

1  Inc., CV 09-1011 SVW (AJWx) (C.D. Cal. Sept. 10, 2009); Ninth Circuit Court of

2  Appeals Case Nos. 09-56616, 09-56626.  The second sentence of the purported

3  assignment form at issue in this case, as well as in the Rudolph and Braun Medical

4  cases, is identical.  See Request for Judicial Notice submitted concurrently with

5  Tenet's Motion for Summary Judgment on April 21, 2010, Exh. "A" at p. 8

6  (Rudolph Order); Exh. "B" at p. 29 (Braun Medical Order).

7      As indicated in the Rudolph Order (RJN, Exh. "A" at pp. 21-23) and in the

8  Braun Medical Order (RJN, Exh. "B" at pp. 41-42):

9      The unambiguous language of the 'Assignment of Benefits and Rights;

10     Appointment of Administrative Representative,' uncontradicted by any

11     extrinsic evidence in the record, establishes that the Plan participants

12     never assigned to Eden the right to bring the present action.  Their

13     assignment is only effective during the administrative and legal

14     processes enumerated in the second sentence of their 'Assignment of

15     Benefits and Rights; Appointment of Administrative Representative.'

16     . . . This list does not include a suit for document disclosure violations.

17     To the extent that the Plan participants assigned to Eden the right to

18     bring claims under § 1132(c), that assignment is only effective during

19     suits 'necessary to collect claims . . . for health insurance benefits.'

20     As in Rudolph and Braun Medical, supra, the instant case involves a claim for

21  statutory penalties arising from an alleged failure to disclose the requisite

22  documents.  The Assignment of Benefits and Rights; Appointment of

23  Administrative Representative at issue in this case does permit the assignment of

24  this claim.  As such, Plaintiff has no standing in this case.

25     For obvious reasons, the Plaintiff does not agree with Judge Wilson's analysis

26  of the assignment form at issue in this case.  However, the Plaintiff's reasoning is

27  flawed.  The Plaintiff alleges that "Paragraph One describes the administrative

28  appeal or review and legal process."  However, Paragraph One is entitled

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1  "Appointment of Representative" and it clearly states that the appointment is

2  effective during the administrative claim process, appeal process for a denied claim,

3  or legal process necessary to collect claims.  As such, the purported assignment,

4  even if valid in this case, only relates to attempts to collect plan benefits, and the

5  Plaintiff is not attempting to recover plan benefits in this case.  Paragraphs Two and

6  Three of the assignment form merely explain what is assigned while the assignment

7  is effective.  Since the assignment is not effective with respect to a suit for document

8  disclosure violations, Paragraphs Two and Three are not relevant to this case.

9       Even if Paragraphs Two and Three of the assignment form apply to this case,

10  they do not permit assignment of statutory penalties for alleged document disclosure

11  violations.  The Plaintiff does not claim that Paragraph Two is relevant to this case.

12  Paragraph Three relates to judicial review of denied claims.  Claims go through an

13  administrative process, which is subject to judicial review.  However, there is no

14  such administrative process for claims for statutory penalties regarding document

15  disclosure.  There is no administrative denial that is subject to judicial review.

16  Furthermore, the attempted assignment in Paragraph Three of personal standing

17  under the ERISA civil enforcement procedures (codified at 29 U.S.C. §1132)

18  specifies that it is limited to seeking "judicial review of denied claims, under

19  §1132(a)(1)(B)," and this case does not involve judicial review of a denied claim.

20  Finally, Paragraph Three's attempted assignment of rights as a "claimant" under

21  §1132(c) is ineffective since that paragraph does not use the word "claimant."  This

22  provision appears to attempt to assign administrative claims for benefits under

23  §1133 because the regulations under that section refer to a "claimant."

24       In summary, even if document disclosure rights could be assigned, the

25  assignment form at issue in this case does not assign those rights.

26

27

28

1   **B.**    **Tenet Disclosed all Records, Documents and Information Required**
2          **by Statute and Regulation.**

3          **1.**    **Tenet disclosed all required documents.**

4          Tenet disclosed all required documents even though Tenet believed that the
5   Plaintiff lacked standing to request the documents.  Tenet's document disclosure
6   satisfied the requirements of both the statute and the regulations, even though
7   documents required to be furnished under the regulations do not give rise to
8   statutory penalties.

9          The Plaintiff appears to claim that additional documents were generated in
10  connection with the adverse benefit determinations, but the claim denials, which are
11  not being challenged in this lawsuit, were based on the Plaintiff's failure to provide
12  requested information and the Plaintiff's failure to appeal the denial in a timely
13  manner.  Tenet is not in possession of any additional documents that were generated
14  in connection with these determinations.

15         The Plaintiff misstated the law when it claimed that reference to state law in
16  the explanation of benefits is misleading.  Insured health plans, such as the one at
17  issue in this case, must comply with certain state insurance laws under the
18  "insurance savings clause" set forth in 29 U.S.C. § 1144(b)(2)(A).  See, e.g.,
19  Kentucky Ass'n of Health Plans, Inc. v. Miller, 538 U.S. 329 (2003).

20         It is irrelevant whether the Plaintiff's assertions that it diligently followed up
21  on the status of its claims for plan benefits for years are accurate.  The request for
22  documents at issue in this case was not submitted by the Plaintiff until June 2009,
23  and Tenet fully complied with the document disclosure requirements.  The Plaintiff
24  is unhappy with the processing of its benefit claim by PacifiCare, and is attempting
25  to recover for alleged improper or untimely processing of a benefit claim, which the
26  United States Supreme Court has specifically held is not available under ERISA.
27  Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 146, 147 (1985).

28

1    The Plaintiff also attempts to rely on Booton v. Lockheed Med. Benefit Plan,

2    110 F.3d 1461 (9th Cir. 1997).  However, that case does not provide for statutory

3    penalties.  Id.

4    Contrary to the Plaintiff's assertion, Tenet does not admit that PacifiCare

5    possesses additional documents that must be disclosed.  If PacifiCare has withheld

6    documents of which Tenet is unaware, no penalties should be awarded because

7    those documents are beyond Tenet's control, as set forth in 29 U.S.C. § 1132(c)(1).

8    The Plaintiff misinforms the Court when it claims that "[t]he Ninth Circuit

9    has  repeatedly ordered disclosure of, and awarded statutory penalties regarding

10   documents not explicitly identified in 29 U.S.C. § 1024(b)(4)."  The Mondry

11   decision cited to support this assertion was decided by the Seventh Circuit, not the

12   Ninth Circuit.  Mondry v. American Family Mutual Insurance Co., 557 F.3d 781 (7th

13   Cir. 2009).  In any event, Mondry awarded penalties for violations of 29 U.S.C. §

14   1024(b)(4), not the regulations.  Id.  Furthermore, contrary to Plaintiff's assertion,

15   none of the Ninth Circuit decisions in Sgro, Crotty, and Stone award statutory

16   penalties, as discussed below.

17   The Sgro case did not award statutory penalties.  Sgro v. Danone Waters,

18   532 F.3d 940 (9th Cir. 2008).  In that case, the Ninth Circuit dismissed without

19   prejudice the plaintiff's claim against the plan administrator because the plaintiff did

20   not specify from which defendant he had requested documents; the court did not

21   award statutory penalties to the plaintiff.  Id.  Contrary to the Plaintiff's assertion,

22   the Ninth Circuit also did not award statutory damages in Stone v. Travelers Corp.,

23   58 F.3d 434 (9th Cir. 1995).  In that case, the court reversed dismissal of the

24   plaintiff's claim on statute of limitations grounds, but did not award statutory

25   penalties.  Id.  Finally, there was no award of statutory penalties in Crotty v. Cook,

26   121 F.3d 541 (9th Cir. 1997).  In that case, the court held that the administrator was

27   required to furnish the plaintiff with a summary plan description (a document

28   described in 29 U.S.C. § 1024(b)(4)), and remanded the case for further

1    proceedings, but did not award statutory penalties.  Id.  For these reasons, none of

2    the cases cited in the Plaintiff's Opposition support the Plaintiff's claim that the

3    Ninth Circuit has repeatedly awarded statutory penalties regarding documents not

4    explicitly identified in 29 U.S.C. § 1024(b)(4).

5              **2.      Tenet complied with 29 C.F.R. § 2560.503-1.**

6              As explained above, Tenet provided all documents that were relevant to the

7    adverse benefit determinations.

8              The Plaintiff challenges the language of the adverse benefit determination

9    issued by PacifiCare (not Tenet).  However, the content of that notice is not relevant

10   to the Plaintiff's cause of action for statutory penalties.  Compliance with 29 C.F.R.

11   § 2560.503-1(g) might have been relevant to the standard of judicial review if the

12   Plaintiff had included a claim for plan benefits in this lawsuit.  Booton v. Lockheed

13   Med. Benefit Plan, 110 F.3d 1461, 1465 (9th Cir. 1997); 29 C.F.R. § 2560.503-1 (l);

14   65 F.R. 70246, 70256 (Nov. 21, 2000).  However, since this case involves only a

15   claim for statutory penalties, the content of that notice is irrelevant.

16             What is relevant to this case is that the Plaintiff made a request for documents

17   in June 2009, and Tenet provided those documents in July 2009.  Plaintiff's

18   assertions about the handling of its claim for benefits by PacifiCare are irrelevant.

19             Even if Tenet had failed to furnish documents required under the regulations,

20   which we dispute, such a violation would not give rise to statutory penalties.  The

21   Plaintiff's reliance on the Sgro case is misguided.

22             A statute which attaches a penalty to certain conduct should be construed

23   strictly to avoid an imposition which goes beyond the manifest intent of Congress.

24   Gallarde v. Immigration and Naturalization Service, 486 F.3d 1136, 1139 (9th Cir.

25   2007); Commissioner v. Acker, 361 U.S. 87 (1959).

26             29 U.S.C. § 1132(c)(1)(B) applies only to a request for information which is

27   "required by this subchapter [Subchapter I of Chapter 18 of Title 29 of the United

28   States Code]."  Since no reference is made in 29 U.S.C. § 1132(c)(1)(B) to requests

1 | for information described in regulations, the penalty provision should not apply to
2 | documents required only under regulations.

3      The Ninth Circuit recently affirmed a district court ruling, which held that
4 | "the statutory penalty authorized by 29 U.S.C. § 1132(c)(1) only applies where an
5 | administrator fails to provide information it is required to furnish by statute. <u>See</u> 29
6 | U.S.C. §§ 1132(c)(1) (stating, 'required by this subchapter to furnish'). The penalty
7 | does not apply where a duty to furnish documents is imposed only by regulation."
8 | <u>Younkin v. Prudential Ins. Co.</u>, 2007 U.S. Dist. LEXIS 5376 (D. Mont. 2007), <u>aff'd</u>
9 | <u>in part and rev'd in part on other grounds</u> in <u>Younkin v. Prudential Ins. Co.</u>, 288
10 | Fed. Appx. 344 (9th Cir. 2008).  A similar holding was reached in <u>Fergus v. Standard</u>
11 | <u>Ins. Co.</u>, 27 F.Supp.2d 1247, 1252-1253 (D. Or. 1998).

12      Courts outside the Ninth Circuit have held that the penalty does not apply to
13 | information requests under the regulations.  The Third Circuit has held that plan
14 | administrators incur no personal liability under 29 U.S.C. § 1132(c)(1)(B) for failure
15 | to fulfill obligations imposed by 29 C.F.R. § 2560.503-1.  <u>Groves v. Modified</u>
16 | <u>Retirement Plan for Hourly Paid Employees of the Johns Mansville Corp.</u>, 803 F.2d
17 | 109, 116 (3rd Cir. 1986).  Congress shall not be deemed to have authorized an
18 | administrative agency to decide what conduct should be penalized, unless Congress
19 | has expressly granted that power. <u>Id.</u> at 117 (citing <u>United States v. Eaton</u>, 144 U.S.
20 | 677 (1892)).  Congress has not done so, and penalties should not be assessed for
21 | violations of 29 C.F.R. § 2560.503-1.  <u>Groves</u>, 803 F.2d at 118.  The Sixth Circuit
22 | has reached the same conclusion.  <u>Stuhlreyer v. Armco, Inc.</u>, 12 F.3d 75, 79 (6th Cir.
23 | 1993).  The Seventh Circuit also agrees with this holding.  <u>Wilczynski v.</u>
24 | <u>Lumbermens Mutual Casualty Co.</u>, 93 F.3d 397, 406-407 (7th Cir. 1996).  At least
25 | one district court from outside the Ninth Circuit also concurs.  <u>Brucks v. Coca-Cola</u>
26 | <u>Co.</u>, 391 F.Supp.2d 1193, 1212 n.17 (N.D. Ga. 2005) (stating that if Congress
27 | intended for section 1132(c) to apply to the Department of Labor's regulations, it
28

1   would have so indicated, instead of authorizing penalties only for violations of the

2   subchapter, by which it was referring to the ERISA statute).

3          Any reliance upon Sgro v. Danone Waters, 532 F.3d 940 (9th Cir. 2008), for

4   the proposition that "ERISA's remedies provision gives . . . a cause of action to sue

5   a plan 'administrator' who doesn't comply with a 'request for . . . information'" is

6   misplaced.  In Sgro, the court excluded the key words "which such administrator is

7   required by this subchapter to furnish" in its quoted language from 29 U.S.C.

8   § 1132(c)(1).  Since the court dismissed the claim for failure to specify which

9   defendant the documents were requested from, the court did not analyze the

10   language of 29 U.S.C. § 1132(c)(1)(B) which limits the penalty to information

11   "required by this subchapter," and its single sentence on the subject should be

12   considered dicta.

13          Furthermore, 29 C.F.R. § 2560.503-1 contains a specific remedy for failure to

14   furnish documents required thereunder, and it does not include a monetary penalty.

15   If such a failure occurs, the claimant is deemed to have exhausted the administrative

16   remedies available under the plan and shall be entitled to sue for benefits and

17   receive a de novo judicial review.  Booton, 110 F.3d at 1465 (9th Cir. 1997); 29

18   C.F.R. § 2560.503-1(l); 65 F.R. 70246, 70256 (Nov. 21, 2000).

19          For these reasons, an alleged failure to furnish documents described in 29

20   C.F.R. § 2560.503-1 does not result in statutory penalties under 29 U.S.C.

21   § 1132(c).

22              **3.**    **<u>No penalties should be awarded.</u>**

23          A district court has absolute discretion to decline to impose civil penalties,

24   even if it finds that a plan administrator failed to provide a participant or beneficiary

25   with plan documents.  Graeber v. Hewlett Packard Income Protection Plan, 281 Fed.

26   Appx. 679, 681 (9th Cir. 2008); 29 U.S.C. § 1132(c).  In determining whether to

27   impose civil penalties, good faith and the lack of actual harm may be mitigating

28   factors.  Paris v. F. Korbel & Bros., Inc., 751 F.Supp. 834, 840 (N.D. Cal. 1990).  A

1  district court did not abuse its discretion by not assessing penalties where the record

2  showed that the plan administrator made a good faith effort to comply with a

3  participant's or beneficiary's request for documents.  Graeber, 281 Fed. Appx. at

4  681.

5       It is undisputed in this case that the Defendant furnished to the Plaintiff the

6  Tenet Employee Benefit Plan, the PacifiCare Certificate of Coverage, and the

7  PacifiCare Schedule of Benefits after receiving a written request from the Plaintiff.

8  The Defendant believes in good faith, which is supported by substantial legal

9  authority, as set forth herein, that all instruments under which the plan is established

10 or operated have been furnished to the Plaintiff, and no other documents are

11 required.

12      The Plaintiff's allegations about actions taken by PacifiCare prior to the

13 Plaintiff's request for documents in June 2009 are irrelevant to the lawsuit it has

14 filed for statutory penalties.  The documents were not requested until June, 2009,

15 and were provided in July, 2009.

16      It appears that the Plaintiff slept on its rights and is now prevented from

17 pursuing a claim for plan benefits.  Since the Plaintiff does not have a colorable

18 claim for benefits, it lacks standing to sue for document disclosure violations.  See

19 Johnson v. Buckley, supra.

20      The Moothart case cited by the Plaintiff is not relevant to this matter.

21 Moothart v. Bell, 21 F.3d 1499 (10th Cir. 1994).  In that case, the plaintiff made

22 numerous requests for a summary plan description, summary annual report, and

23 employee fringe benefit manual, and the defendant's response "was in the nature of

24 a tirade, questioning [the plaintiff's] need for the documents and advising him that

25 [the plaintiff] was not entitled to any benefits or information." Id. at p. 1502.  The

26 instant case is clearly distinguishable because Tenet furnished to the Plaintiff the

27 summary plan description and other required documents, and did not respond with a

28 tirade or other bad faith conduct.

1 | IV.    **CONCLUSION**

2 |      Based on the foregoing, Defendant respectfully requests the Court grant its

3 | Motion for Summary Judgment.

4 |

5 | Dated:  May 19, 2010                  ALLEN MATKINS LECK GAMBLE

6 |                             MALLORY & NATSIS LLP
SAMUEL H. STEIN
MONICA M. QUINN

7 |

8 |                  By:_____*/s/ - Monica M. Quinn*_____

9 |                      MONICA M. QUINN
Attorneys for Defendant
TENET BENEFITS

10 |                      ADMINISTRATION COMMITTEE

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

660774.03/WLA