THE JEWETT LAW GROUP, INC.
BRADLEY E. JEWETT (BAR NO. 222773)
937 N. Crescent Heights Boulevard
Los Angeles, California 90046
Phone: (323) 378-6098
Fax: (323) 378-5818
E-mail: Brad@JewettLawGroup.com

Attorneys for Plaintiff
EDEN SURGICAL CENTER,
a medical corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDEN SURGICAL CENTER, a California medical corporation,

Plaintiff,

v.

TENET HEALTHCARE CORPORATION, C/O TENET BENEFITS ADMINISTRATION COMMITTEE, in its capacity as plan administrator; TENET BENEFITS ADMINISTRATION COMMITTEE,

Defendants.

Case No. CV09-07156 FMO

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Filed concurrently with Supplemental Reich Declaration; Response to Tenet's Statement of Genuine Issues and Conclusions of Law; Response to Objections to Request for Judicial Notice; Response to Objections to Reich Declaration]

Date: June 2, 2010
Time: 10:00 a.m.
Courtroom: F

///

///

///

# TABLE OF CONTENTS

**I. INTRODUCTION ........ 1**

**II. EDEN HAS STANDING ........ 2**

A. ASSIGNMENT IS PERMITTED WHEN PLAN DOCUMENTS ARE CONTRADICTORY 4

B. THE PLAN DOES NOT BAR THE ASSIGNMENT OF DISCLOSURE RIGHTS ........ 5

C. THE ASSIGNMENT OF ERISA DISCLOSURE RIGHTS ........ 6

**III. TENET FAILED TO DISCLOSE ALL REQUIRED MATERIALS ........ 7**

A. TENET FAILED TO COMPLY WITH ITS DISCLOSURE OBLIGATION ........ 8

B. TENET FAILED TO COMPLY WITH 29 C.F.R. §2560.503-1 ........ 9

C. TENET IS LIABLE FOR THE DISCLOSURE OF ALL RELEVANT DOCUMENTS. ......10

**IV. CONCLUSION ........10**

# TABLE OF AUTHORITIES

## CASES

*Alexander Mfg., Inc. Employee Stock Ownership Plan and Trust v. Illinois Union Ins. Co.*, 560 F.3d 984 (9th Cir. 2009) .......... 5
*Banuelos v. Constr. Laborers' Trust Funds*, 382 F.3d 897 (9th Cir. 2004).......... 5
*Bergt v. Retirement Plan for Pilots Employed by MarkAir, Inc.*, 293 F.3d 1139 (9th Cir. 2002) .......... 5
*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,*(1984) 467 U.S. 837 .......... 8
*Commissioner v. Acker*, (1959) 361 U.S. 87 ..........10
*Crotty v. Cook,* 121 F.3d 541 (9th Cir. 1997)..........8, 10
*Davidowitz v. Delta Dental Plan of California, Inc.*, 946 F.2d 1476 (9th Cir. 1991).......... 3
*Eden Surgical Center v. B. Braun Medical, Inc.*, CACD Case No. CV 09-1011 SVW(AJWx) .......... 6
*Eden Surgical Center v. Rudolph Foods Company, Inc.*, CACD Case No. CV09-03060 SVW (MANx) .......... 6
*Faircloth v. Lundy Packaging Company*, 91 F.3d 648 (4th Cir. 1996) .......... 9
*Firestone Tire & Rubber Co. v. Bruch*, (1989) 489 U.S. 101 .......... 7
*Ford v. MCI Communications Corp. Health and Welfare Plan*, 399 F.3d 1076 (9th Cir. 2005) ..........10
*Groves v. Modified Retirement Plan for Hourly Paid Employees of the Johns Mansfied Corp.*, 803 F.2d 109 (3rd Cir. 1986)..........10
*Herman v. NationsBank Trust Co.*, 126 F.3d 1354 (11th Cir. 1997).......... 8
*Hermann Hospital v. MEBA Medical & Benefits Plan*, 959 F.2d 569 (5th Cir. 1992)..........2, 4
*Johnson v. Buckley*, 356 F.3d 1067 (9th Cir. 2004).......... 4
*LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348 (5th Cir. 2002) ..........2, 3
*Long Beach Mem. Med. Center v. California Mart Employee Benefit Plan*, 1999 U.S. App. LEXIS 3346 (9th Cir. 1999).......... 3
*Lutheran Medical Center v. Contractors Health Plan*, 25 F.3d 616 (8th Cir. 1994).......... 4
*Massachusetts Mut. Life Ins. Co. v. Russell*, (1985) 473 U.S. 134..........3, 8
*Misic v. Building Service Employees Health and Welfare Trust*, 789 F.2d 1374 (9th Cir. 1986).......... 2

*Mondry v. American Family Mutual Insurance Co.*, 557 F.3d 781 (7th Cir. 2009)........ 8
*Moorhart v. Bell,* 21 F.3d 1499 (10th Cir. 1994)........ 9
*Moran v. Aetna Life Ins. Co.,* 872 F.2d 296 (9th Cir. 1989)........ 4, 6
*Pisciotta v. Teledyne Industries, Inc.* 91 F.3d 1326 (9th Cir. 1996)........ 5
*Protocare of Metro, N.Y., Inc. v. Mutual Assn. Adm.,* 866 F. Supp. 757 (S.D.N.Y. 1994)........ 4
*Reich v. Universal Studios, et al.*, CV99-1254 AHM (RNBx), slip op. at 5-8 (C.D. Cal. May 17, 1999)........ 10
*Sgro v. Danone Waters of North America, Inc.*, 532 F.3d 940 (9th Cir. 2008)........ 7, 9, 10
*Shaver v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198 (9th Cir. 2003)........ 7
*Simon v. Value Behavioral Health, Inc.,* 208 F.3d 1073 (9th Cir. 2000)........ 2
*Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620 (9th Cir. 2008)........ 10

**STATUTES**

29 C.F.R. §2560.503-1........ 1, 9
29 C.F.R. §2560.503-1(g)........ 9
29 C.F.R. §2560.503-1(h)........ 7, 9
29 C.F.R. §2560.503-1(h)(2)(iii)........ 9
29 C.F.R. §2560.503-1(m)........ 9
29 U.S.C. §1024(b)(4)........ 1, 7, 9, 10
29 U.S.C. §1132........ 9
29 U.S.C. §1132(a)(1)(A)........ 6
29 U.S.C. §1132(a)(1)(B)........ 6
29 U.S.C. §1132(a)(2)........ 7
29 U.S.C. §1132(c)........ 2, 7
29 U.S.C. §1132(c)(1)........ 7, 9
29 U.S.C. §1132(c)(1)(B)........ 8

**OTHER AUTHORITIES**

65 Fed. Reg. 70246, 70271 (Nov. 21, 2000)........ 9, 10
Advisory Opinion Letter 96-14 (July 31, 1996)........ 8
H.R. Rep. 93-533, p.11 (1973)........ 7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiff Eden Surgical Center ("Eden") submits this reply brief in support of its motion for summary judgment ("Eden's MSJ") against defendant Tenet Benefits Administration Committee ("Tenet"), the plan administrator to the Tenet Employee Benefit Plan (the "Plan").

As set forth in Eden's MSJ, Tenet deliberately concealed the evidence purportedly used to justify its untimely denial of Eden's claim for reimbursement for medical services provided to a plan participant. This arbitrary and capricious denial was untimely and not made in good faith. Attempting to evade liability for its conduct, Tenet claims Eden lacks standing pursuant to an anti-assignment provision, notwithstanding contradictory language in another Plan document. Opposition, 6:11-11:23. Tenet claims a hopelessly vague "disclaimer" informed Eden that one document governed others, despite the fact that the "disclaimer" contains no such language and provided no such notice. Opposition, 10:11-11:23.

Tenet further argues that Eden was not assigned the right to pursue disclosure, and even if it was, Tenet "furnished all documents... that must be furnished under ERISA", and thus should not be penalized Opposition, 13:3-5. Tenet is mistaken; as an ERISA plan administrator, Tenet was required to disclose <u>all</u> of the records, documents and information required by 29 U.S.C. §1024(b)(4) <u>and</u> 29 C.F.R. §2560.503-1, but failed and refused to do so. Finally, the Opposition fails to identify, much less discuss, arguments raised in Tenet's concurrently filed documents,[1] and thus those arguments must be disregarded. The Court should therefore grant Eden's MSJ in its entirety, and in the manner requested therein.

[1] The Opposition fails to address the argument raised by the Supplemental Lynn Iba Declaration and Exhibit "A" thereto, as well as the arguments concerning "disputed" material facts raised in Tenet's Response to Eden's Statement of Genuine Issues.

## II. EDEN HAS STANDING.

Tenet waived any right to use its purported anti-assignment provision as a defense by negotiating directly with Eden in 2006, 2007 and 2009, and should therefore be estopped from doing so now. Tenet never informed Eden that it was barred from pursuing payment by an anti-assignment provision before the commencement of this action. *LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 351 (5th Cir. 2002) (Referencing *Hermann II, infra*, "The ERISA Plan was estopped from enforcing its anti-assignment clause because of the Plan's protracted failure to assert anti-assignment when the hospital requested payment under an assignment of payment provision for covered benefits.")

ERISA permits participants and beneficiaries to assign ERISA rights to their health care provider. *Misic v. Building Service Employees Health and Welfare Trust*, 789 F.2d 1374, 1378-1379 (9th Cir. 1986) confirms an assignee of benefits stands in the shoes of the assignor, and thus "has standing to assert the claims of his assignors." Here, the Plan Participant assigned <u>all</u> of her benefits and ERISA representative rights under the Plan to Eden, including the "right to assert ALL causes of action for judicial review" and her "rights to seek relief as a 'claimant', under §1132(c) {'Any information request}", which created derivative standing for Eden to pursue this action.[2] *Id.*

Tenet's anti-assignment argument is based on a series of inapposite cases. *Simon v. Value Behavioral Health, Inc.,* 208 F.3d 1073 (9th Cir. 2000) specifically addresses the impropriety of assignments to non-medical provider third parties, which is irrelevant to the analysis of the direct assignment of ERISA rights to the medical provider that provided the services at issue.

---

[2] Tenet's argument that this is a concession that Eden is neither a participant nor a beneficiary, and thus lacks standing, only confirms Tenet's misunderstanding of assignment theory under ERISA. Opposition, 6:11-16. An assignee does not sue "as a suitor in his own right"; rather, the assignee "sues derivatively, as assignee of [the] beneficiaries." *Misic, supra*, 789 F.2d at 1378-1379.

*Davidowitz v. Delta Dental Plan of California, Inc.*, 946 F.2d 1476 (9th Cir. 1991) is an outdated opinion wherein the court admits it failed to examine public policy considerations regarding anti-assignment notwithstanding the Legislative mandate to do so.[3] *Id.* at 1478-1481. *Davidowitz* does not directly address the enforcement of anti-assignment provisions against medical providers. *Id*. *Davidowitz* addresses the issue of whether non-members are entitled to receive member benefits. *Id*. at 1477-1479. Eden does not seek member benefits to which it is not entitled.

*Long Beach Mem. Med. Center v. California Mart Employee Benefit Plan*, 1999 U.S. App. LEXIS 3346 (9th Cir. 1999) is an unreported two-page decision - devoid of any analysis or context - that merely cites *Davidowitz* as support for the proposition that anti-assignment provisions may be enforceable.

*LeTourneau, supra,* addresses the denial of benefits concerning a medical procedure that was not verified with, or covered by the plan. *LeTourneau, supra,* 298 F.3d at 350. In *LeTourneau*, the assignee medical provider failed to verify whether the subject procedure was covered under the plan, and an unambiguous anti-assignment provision forbids assignment to "any third-party to whom a participant may be liable for medical care, treatment or services." *Id*. at 351-352. Here, the medical procedure was properly verified, and the purported anti-assignment provision

[3] The court in *Davidowitz* admittedly refrained from "weigh[ing] the wisdom or the public policy" behind its decision, believing "[t]hat is the function of Congress." *Davidowitz, supra,* at 1481. This was a critical error, and undermines the deference *Davidowitz* might otherwise command. In *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 157 (1985), the U.S. Supreme Court confirmed the longstanding Congressional intent for federal courts to develop federal common law necessary to provide additional "appropriate equitable relief" under ERISA. Indeed, when presenting the Conference Report to the full Senate, Senator Javits, the ranking minority member of the Senate Committee on Labor and Public Welfare and one of the two principal Senate sponsors of ERISA, stated that "[it] is also intended that a body of Federal substantive law will be developed by the courts to deal with issues involving rights and obligations under private welfare and pension plans." *Id*.

does not explicitly exclude assignment to medical providers. UMF Nos. 8-9. These issues have been addressed in other circuits. *See Hermann Hospital v. MEBA Medical & Benefits Plan*, 959 F.2d 569, 575 (5th Cir. 1992) ("*Hermann II*"); *Lutheran Medical Center v. Contractors Health Plan*, 25 F.3d 616, 619 (8th Cir. 1994); *Protocare of Metro, N.Y., Inc. v. Mutual Assn. Adm.,* 866 F. Supp. 757, 761-762 (S.D.N.Y. 1994)

Tenet claims Eden is not seeking to recover benefits, and therefore it lacks standing to assert an ERISA disclosure claim, pursuant to *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Opposition, 11:26-12:4. However, in *Johnson*, the employees suing for ERISA disclosure violations were former employees seeking benefits. *Id*. at 1070. As a result, the court focused on whether the employees had a colorable claim that they would prevail in a suit for benefits or that eligibility requirements would be fulfilled in the future. *Id*.

The present case is easily distinguished. Eden is an assignee medical provider, not a former employee. Eden was assigned all of the Plan Participant's ERISA rights regarding benefits, and submitted a reimbursement claim to the Plan. UMF Nos. 9, 11. The Plan issued multiple adverse benefit determinations on Eden's Claim. UMF Nos. 12, 34. Eden therefore possessed a colorable claim for benefits in 2006, and has a colorable claim for benefits now.

Tenet confuses the meaning of *Moran v. Aetna Life Ins. Co.,* 872 F.2d 296 (9th Cir. 1989). *See*, Opposition, 12:5-11. *Moran* is a case about disclosure violations and statutory penalties without a concurrent claim for benefits. *Id*. at 297. In *Moran,* the plaintiff's MSJ was denied because she failed to properly name the plan administrator, not because her claim was otherwise defective. *Id*. at 299-300.

A. Assignment is Permitted When Plan Documents Are Contradictory.

Tenet alleges Eden's claim is barred by the anti-assignment provision found in one of the Plan documents. Opposition, 11:8-10. However, the Certificate of Coverage ("Certificate") disclosed and identified as a Plan Document contains an assignment provision providing that "benefits for Covered Expenses may be assigned

by the Covered person to the person or institution rendering the services." UMF No. 33. The Plan thus contains two conflicting provisions regarding the assignment; one permits the assignment of ERISA rights, one forbids it. UMF Nos. 32, 33.

The Court must construe these Plan documents in favor of the Plan Participant or beneficiary. *Alexander Mfg., Inc. Employee Stock Ownership Plan and Trust v. Illinois Union Ins. Co.*, 560 F.3d 984, 989 (9th Cir. 2009); *Bergt v. Retirement Plan for Pilots Employed by MarkAir, Inc.*, 293 F.3d 1139, 1143 (9th Cir. 2002). The Certificate's assignment provision is more favorable to both the Plan Participant and Eden. UMF Nos. 32, 33. As such, the Certificate's assignment provision controls, and the assignment of rights under the Plan was valid. *Id.*; *Banuelos v. Constr. Laborers' Trust Funds*, 382 F.3d 897, 904 (9th Cir. 2004).

Tenet's reference to *Pisciotta v. Teledyne Industries, Inc*. 91 F.3d 1326 (9th Cir. 1996) is misguided. In *Pisciotta*, a plan document took precedence over an insurance certificate because the former contained the following disclaimer: "This booklet describes provisions of the group insurance program contained in the contract between the company and the insurance carrier. The contract shall be the controlling document." *Id*. at 1331. The court concluded the disclaimer was valid because the "disclaimer clearly stated that the contract was the controlling document." *Id*.

Tenet's disclaimer provision contains no such language; it merely states that the Certificate provides a description of benefits available under the Plan, and that another policy contains additional terms of coverage. *See* Tenet's April 21, 2010 MSJ at 8:13-22. Tenet's claim that its disclaimer "should have placed [Eden] on notice that the official plan document, the Tenet Employee Benefit Plan, was controlling" is not made in good faith. Opposition, 11:4-10. Eden could not possibly have known which Plan document is controlling based on this ambiguous language.

B. <u>The Plan Does Not Bar the Assignment of Disclosure Rights</u>.

The Plan documents do not expressly forbid the assignment of disclosure rights. Exhibit 13, EDEN MSJ 037. This issue was addressed in Judge Wilson's September

10, 2009 Order in *Eden Surgical Center v. B. Braun Medical, Inc*., CV 09-1011 SVW (AJWx) (C.D. Cal. Sept. 10, 2009) (the "Braun Action").[4] Tenet's Plan documents do not expressly forbid the assignment of disclosure rights. Exhibit 13, EDEN MSJ 037. Accordingly, the assignment of disclosure rights is permissible under the Plan.

C. The Assignment of ERISA Disclosure Rights.

Tenet claims that pursuant to the court's September 10, 2009 orders in the Braun Action (the "Braun Order") and *Eden Surgical Center v. Rudolph Foods Company, Inc*., CACD Case No. CV09-03060 SVW (MANx) (C.D. Cal. Sept. 10, 2009) (the "Rudolph Order"), the Assignment did not convey to Eden the right to demand disclosure. Opposition, 8:25-9:24. Both orders are on appeal before the Ninth Circuit. *See*, Case Nos. 09-56616; 0956626. To the extent this Court concurs with Tenet's argument, Eden requests the Court hold its decision in abeyance pending the Ninth Circuit's decision.

The Assignment consists of three separate but interrelated and integrated paragraphs. UMF No. 9, Exhibit 1. The Braun Order[5] and Tenet's Opposition confuse the language in these provisions. Indeed, they arbitrarily prioritize certain portions of the Assignment over others, suggesting the first section somehow invalidates the third. Opposition, 8:8-9:24. This is not the case.

The three paragraphs of the Assignment are intended to be read in concert with one another, and convey the assignor's intention to assign all of her rights and

---

[4] In the Braun Action, Eden's MSJ was denied for lack of subject matter jurisdiction based, *inter alia*, on Judge Stephen V. Wilson's mistaken conclusion that a claim for disclosure under 29 U.S.C.§1132(a)(1)(A) must be brought with a claim for benefits under 29 U.S.C.§1132(a)(1)(B). This is contrary to the Ninth Circuit's decision in *Moran, supra,* 872 F.2d at 299-300, which specifically addresses a claim for disclosure that was brought without a claim for benefits. Judge Wilson's order also improperly prioritized one section of the Assignment over others, and thus invalidated critical language. Eden is appealing these aspects of the *Eden v. B. Braun* decision. *See* Case No. 09-56616.

[5] The Braun Order and the Rudolph Order are virtually identical. For the sake of simplicity, Eden therefore only references the language set forth in the Braun Order.

potential claims, including disclosure, to Eden. UMF No. 9, Exhibit 1. There is <u>no limitation</u> set forth anywhere in the document. *Id*. The Assignment specifically assigns the right to act upon all causes of action, <u>including civil enforcement under §1132(c)</u>, and cites the statutory authority from the enforcement provision. *Id*.

**III. <u>TENET FAILED TO DISCLOSE ALL REQUIRED MATERIALS</u>.**

Tenet believes by producing three documents in July of 2009, it satisfied its ERISA disclosure obligations. Opposition, 12:22-24. This is false. None of Tenet's disclosures explain how the August 25, 2009 adverse benefit determination was processed, or by whom. *See*, UMF Nos. 31, 34-43.

ERISA's disclosure and reporting requirement was designed to allow a claimant to know "exactly where he stands with respect to the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 118 (1989) (quoting H.R. Rep. 93-533, p.11 (1973)). Without adequate disclosure, a claimant cannot fairly or reasonably evaluate an adverse benefit determination without the documents, records, or other information relevant to the claim that were utilized and relied upon in making the adverse benefit determination. *Id*.; 29 U.S.C. §1132(a)(2).

Tenet misconstrues the meaning of *Sgro v. Danone Waters of North America, Inc*., 532 F.3d 940, 945 (9th Cir. 2008), which draws a critical nexus between the recently amended DOL claim procedures found at 29 C.F.R. §2560.503-1, paragraph (h), and the civil enforcement penalties at 29 U.S.C. §1132(c)(1). *Sgro* establishes that failing to provide a claimant with copies of all documents, records and other information relevant to a benefits claim "gives [the plaintiff] a cause of action to sue a plan 'administrator' who doesn't comply with a 'request for... information.' 29 U.S.C. §1132(c)(1)". *Sgro, supra*, 532 F.3d at 945.

Tenet's reliance on *Shaver v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198 (9th Cir. 2003) is flawed. *Shaver's* analysis of the term "other instruments" under 29 U.S.C. §1024(b)(4) was made <u>before</u> *Sgro*, and without

consideration of DOL Advisory Opinion Letter 96-14 (July 31, 1996).[6] In *Chevron, supra,* 467 U.S. at 844*,* the U.S. Supreme Court confirms "considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, [ ] and the principle of deference to administrative interpretations." *See also, Id*. at 865-866; *Herman v. NationsBank Trust Co.*, 126 F.3d 1354, 1363 (11th Cir. 1997) ("Unless Congress, in enacting ERISA, demonstrated clearly its intent with regard to the questions before us, we must defer to the Secretary's official interpretations of ERISA if they are reasonable.")

A. Tenet Failed To Comply With Its Disclosure Obligation.

ERISA creates an "interlocking, interrelated, and interdependent remedial scheme," and "a panoply of remedial devices". *Mass. Mut., supra,* 473 U.S. at 146. If disclosure and penalty provisions are not enforced, participants and beneficiaries will never know where they stand when plan administrators withhold the relevant evidence. 29 U.S.C. §1132(c)(1)(B); *Stone v. Travelers*, 58 F.3d 434, 439 (9th Cir. 1995); *Crotty v. Cook,* 121 F.3d 541, 546 (9th Cir. 1997); *Mondry v. American Family Mutual Insurance Co*., 557 F.3d 781, 800-801 (7th Cir. 2009).

The Plan issued adverse benefit determinations in 2006 and again in 2009 on Eden's Claim. UMF Nos. 12, 34. Eden made written and oral demands for disclosure, but Tenet failed to disclose information allowing Eden to know where it stands regarding the Plan's adverse benefit determinations. Tenet's claim that it continued to request which documents Eden sought is disingenuous; Eden's June 5, 2009 demand letter specifically identified the documents requested, and Tenet only provided three of them. Opposition, 4:1-7; 13:22-24; UMF Nos. 26, 31. Further, after the August 25, 2010 adverse benefit determination was issued, Eden was informed that no further information would be disclosed. UMF No. 41. Tenet's deliberate refusal to disclose all of the required documents justifies an order for disclosure of the requested

---

[6] This same Advisory Opinion was relied upon by the Seventh Circuit in *Mondry, supra*, 557 F.3d at 798.

information at the very least, and subject to the Court's discretion, penalties. *See Moorhart v. Bell,* 21 F.3d 1499, 1506 (10th Cir. 1994); *Faircloth v. Lundy Packaging Company*, 91 F.3d 648, 658 (4th Cir. 1996).

Tenet defends its conduct by citing correspondence in July and August of 2009 wherein the Plan purportedly offered to provide additional documentation after failing to disclose most of the materials requested in Eden's disclosure demand. Opposition, 4:1-7. However, these overtures were made at a time when it seemed Eden's Claim would be properly processed, which would have rendered the disclosures moot. Opposition, 4:1-5. Further, these overtures were made <u>before</u> the August 25, 2009 final adverse benefit determination. *Id*. After August 25, 2009 denial Eden was informed no further disclosure would be provided. UMF Nos. 38-42.

B. <u>Tenet Failed to Comply with 29 C.F.R. §2560.503-1</u>.

The Opposition fails to grasp the significance of Tenet's failure to comply with 29 C.F.R. §2560.503-1. First, setting aside the issue of penalties, Tenet, as the Plan Administrator, has a duty to disclose the records, documents and information required by the Regulations, as prescribed by 29 C.F.R. §2560.503-1, paragraphs (g), (h) and (m). It failed to do so. Regardless of whether penalties are awarded, and regardless of whether Tenet is required to also disclose additional materials under 29 U.S.C. §1024(b)(4), <u>Tenet is required to disclose the material required by the Regulations</u>.

Tenet's failure to comply with its disclosure obligations under the Regulations is subject to the discretionary statutory penalty established by 29 U.S.C. §1132. S*gro*, *supra*, draws a critical nexus between the amended DOL claim procedures found at 29 C.F.R. §2560.503-1, paragraph (h)(2)(iii), and the enforcement penalties at 29 U.S.C. §1132(c)(1). *Sgro, supra*, 532 F.3d at 945. Further *Sgro* confirms the amended Regulations "broadened administrators' duties: Administrators must now turn over, on request, the documents "generated in the course of making the benefit determination." *See* 65 Fed. Reg. 70246, 70271 (Nov. 21, 2000). *Id*. Tenet did not comply with 29 C.F.R. §2560.503-1, and is therefore potentially subject to a statutory penalties award.

Tenet's reliance on *Groves v. Modified Retirement Plan for Hourly Paid Employees of the Johns Mansfied Corp*., 803 F.2d 109, 116 (3rd Cir. 1986) is misguided, as *Groves* was decided before the Regulations were amended. *Sgro, supra*, 532 F.3d at 945.

C. Tenet is Liable for the Disclosure of All Relevant Documents.

Tenet, as the Plan Administrator, is liable for failing to comply with the reporting and disclosure requirements. *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 633 (9th Cir. 2008); *Ford v. MCI Communications Corp. Health and Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005). Tenet's argument that Eden's claims are somehow "extracontractual damages caused by improper or untimely processing of benefit claims" is nonsensical. Opposition, 5:8-6:9.

Plan administrators such as Tenet "must now turn over, on request, the documents 'generated in the course of making the benefit determination.' *See* 65 Fed. Reg. 70246, 70271 (Nov. 21, 2000)." *Sgro, supra*, 532 F.3d at 945. If "a third party makes the benefit determination, the administrator may not have the needed documents on hand, so it will have to get them from the third party." *Id*.

Tenet argues 29 U.S.C. §1024(b)(4) should be strictly construed based on *Commissioner v. Acker*, 361 U.S. 87 (U.S. 1959), a tax law case predating ERISA by 15 years. The Ninth Circuit has previously ordered disclosure and/or authorized statutory penalties on similar 29 U.S.C. § 1024(b)(4) claims involving less egregious conduct. *Sgro, supra*, 532 F.3d at 945; *Crotty, supra,* 121 F.3d at 546-547; *Stone, supra*, 58 F.3d at 439; *Reich v. Universal Studios, et al.*, CV99-1254 AHM (RNBx), slip op. at 5-8 (C.D. Cal. May 17, 1999).

**IV. CONCLUSION.**

The Court should grant Eden's MSJ in the manner requested therein.

Dated: May 19, 2010

THE JEWETT LAW GROUP, INC.

By: /S/ *Bradley E. Jewett*
BRADLEY E. JEWETT
Attorneys for Plaintiff
Eden Surgical Center